OWEN J. COLEMAN vs. LOWELL, LAWRENCE AND HAVERHILL STREET RAILWAY COMPANY.

Middlesex.   March 5, 1902. — June 18, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Negligence*, Contributory in driving.

A plaintiff who driving in a covered grocery wagon turned and drove at right angles across the tracks of a street railway in order to enter another street, and who testifies that as he turned his horse the car was coming toward him "quite fast" and was about one hundred feet distant from him, and that he judged it to be a safe distance away,* may be found to have been in the exercise of due care.

TORT against a street railway company for injuries from the collision of a car of the defendant with a covered wagon in which the plaintiff was driving on Central Street in Lowell. Writ dated May 14, 1901.

At the trial in the Superior Court before *Gaskill*, J., it appeared, that the accident occurred on March 12, 1901. The plaintiff was in the grocery business, and was driving home on the night of the accident, at about six o'clock in the evening, in a covered grocery wagon. It was then daylight. He testified, that he drove up the westerly side of Central Street and continued on the westerly side, going south until he came opposite to Warren Street, which runs at a right angle from Central Street in an easterly direction, when he turned his team and drove at right angles across the tracks of the defendant toward Warren Street; that when he was about two hundred feet from Warren Street he saw the car which subsequently struck his wagon coming toward him on the easterly track. At that time the car was about four hundred feet from Warren Street. He testified

---

* Cf. *Whitman* v. *Boston Elevated Railway*, ante, 188.

that he had the car in sight from the time when he first saw it until he turned his horse to cross into Warren Street. While crossing the tracks the horse he drove was walking. He then testified, that as he turned his horse toward Warren Street the car was coming toward him quite fast and was about one hundred feet distant from him; that he judged it to be a safe distance away; that when his team was at right angles to and was crossing the tracks, he was so far from the front of the team that the curtain hid the car from his view; that he then did not see the car again until he looked out around the curtain and saw that the car was approaching his wagon and was not more than twenty feet distant therefrom and coming fast; that he heard no bell or gong on the car at any time; that until that time the horse had been walking across the track; that then for the first time in crossing the track he attempted to make the horse go faster than a walk; that he was unable to get the wagon out of the way of the car. The car struck the rear of the wagon and threw the plaintiff out, and the wagon was carried along by the car to a distance variously stated at from fifteen to seventy-five feet.

One Martin, a witness for the plaintiff, testified, that when the plaintiff turned toward Warren Street the car was then all of seventy or seventy-five feet distant from the plaintiff's team.

Harry Ferguson, the motorman, testified, that the plaintiff crossed in front of his car about fifty feet northerly from Warren Street; that the plaintiff's team was then about sixty feet from the car, and the car was going not much faster than a walk; that the plaintiff before he had gone completely across the tracks turned his horse toward the car, thereby causing the accident. He stated on cross-examination that he could have stopped the car instantly if the rails had been dry; that at this time the rails were wet, and that under these circumstances he could have stopped his car within a few feet. The conductor was not called as a witness.

At the close of the evidence, the defendant asked the judge to rule that the action could not be maintained, and to order a verdict for the defendant. This the judge refused to do. The jury found for the plaintiff in the sum of $1,100; and the defendant alleged exceptions.

*G. F. Richardson, L. T. Trull & F. N. Wier,* for the defendant.

*J. J. O'Connor,* for the plaintiff.

BARKER, J.   The only contention now made in support of the bill of exceptions is that the plaintiff was not in the exercise of due care.   He testified without objection that he judged the car to be a safe distance away.   There was conflicting evidence as to the distance of the car from the team when the plaintiff attempted to cross the track, and also as to the speed of the car. In our opinion the question whether the plaintiff was in the exercise of due care was for the jury.

*Exceptions overruled.*