JOHN SILVA *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   March 18, 1903. — April 2, 1903.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Negligence*, On street railway.

In an action for injuries from a collision of an electric car of the defendant with a watering cart in which the plaintiff was driving, it appeared, that the plaintiff saw the car coming at a distance which he·called one hundred yards, and then turned to drive across the track ahead of it, that the car moving at the rate of from six to twelve miles an hour struck the watering cart and cut it in two, going from twenty to forty feet farther before it stopped.   *Held*, that on the conflicting evidence in the case, the questions of the due care of the plaintiff and the negligence of the defendant were for the jury.

TORT for injuries from a·collision of an electric car of the defendant with a watering cart in which the·plaintiff was driving, alleging negligence of the motorman and also a defective

condition of the brake which prevented its stopping the car quickly enough to avoid the collision. Writ dated June 12, 1900.

At the trial in the Superior Court before *Fox*, J., it appeared, that the collision occurred on Main Street in Cambridge near the junction with Sixth Street, that the car was coming from Brighton and the plaintiff was sprinkling Main Street driving toward Brighton, that he determined to cross the tracks in order to water the other side of the street, and that his horses were heavy and slow. He testified: "I took my horses across the street and I just happened to look up the street and I seen the car coming, and I hit my horses a little mite so as to give the car a chance to go by."

He also testified that when he started to turn across the street he saw the car about one hundred yards away. There was evidence tending to show that from the time the plaintiff started across the street the motorman applied and tugged at the brake with all his power. The plaintiff testified that just before he was thrown off the seat of the watering cart by the collision, he noticed the car coming "against" him at full speed, and that he judged it was going about twelve miles an hour. Other witnesses estimated the speed at from six to twelve miles an hour. The car cut through the watering cart, dividing it into two parts, and then went, according to different witnesses, from twenty to forty feet farther before it stopped. There was conflicting evidence as to the distance of the car from the watering cart when the plaintiff turned to cross the track, and as to other circumstances of the accident.

At the close of the evidence the defendant asked for the following instructions: 1. Upon all the evidence in the case the plaintiff is not entitled to recover. 2. Even if the jury should believe that the brake of the car was not working properly, if the plaintiff crossed the track at a point so near to the front of the car that even if the car had been in the best possible condition it could not have been stopped without colliding with the plaintiff, then the plaintiff is not entitled to recover.

The judge refused to give either of the instructions asked for. The jury returned a verdict for the plaintiff in the sum of $3,000; and the defendant alleged exceptions.

*E. P. Saltonstall,* for the defendant.

*J. W. Corcoran,* (*W. J. O'Donnell* with him,) for the plaintiff.

HAMMOND, J. The evidence is somewhat conflicting as to several material facts involved in this case, especially as to the speed of the car and its distance from the watering cart at the time the latter turned to cross the track upon which the accident occurred, and a verdict for the defendant might reasonably have been expected; but, nevertheless, upon the evidence we think that the questions of the due care of the plaintiff and the negligence of the defendant were questions of fact for the jury.

The second instruction requested was properly refused. It requested that the effect of one of many facts bearing upon the negligence of the defendant should be separately stated to the jury. This the presiding judge was not bound to do. Moreover, it was not correct. The car might have been proceeding at a speed so rapid that, even if the brake was in good condition the car could not have been stopped in time to prevent a collision, and yet such speed may have been negligence. If it was the purpose of the counsel for the defendant to have the jury instructed that, even if the defendant was negligent as to the brake, the jury should not consider that fact unless that condition of the brake contributed to the injury, it is to be said that the instruction requested did not raise such a question. We see no error in the manner in which the case was sent to the jury.

*Exceptions overruled.*