PATRICK HUNT *vs.* OLD COLONY STREET RAILWAY COMPANY.

Plymouth. March 9, 1910. — May 18, 1910.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & RUGG, JJ.

*Negligence. Street Railway.*

In an action against a street railway corporation for personal injuries from being run over by a car of the defendant, there was evidence for the plaintiff that the house of the plaintiff was on a street in which there were parallel tracks of the defendant and that during a period of five years the plaintiff had been accus-

tomed, when he wished to board a car on the farther track, to go across the double tracks to a white post on the opposite side of the street, that on the day of the accident he saw a car which he wished to take approaching on the farther track about three hundred yards distant and proceeded to cross the street in his usual manner, selecting a line of travel which would bring him to a point ten or twelve feet beyond the post, allowing, as he thought, sufficient space for him to pass in front of the car when it had stopped, that, when he reached the first rail of the nearer track and the car was within one hundred and fifty feet of him, he looked to see whether the nearer track was clear and then waved his hand as a signal to the motorman of the approaching car, who thereupon shut off the power, applied the brakes and lessened the speed of the car, that in reliance on his belief that the car would be stopped in the usual manner, and without looking toward the car, the plaintiff walked quickly or ran upon the farther track, and, when about half way across it, saw that the car had not stopped but was approaching very rapidly, that he then ran faster but could not clear the track before he was struck by the car, and was injured. *Held*, that the plaintiff's mistake, in what could have been found to be his reasonable conclusion that the car would come to a full stop at or near the post, did not constitute negligence as matter of law, and that the question whether he was in the exercise of due care was for the jury.

In an action against a street railway corporation for personal injuries from being run over by a car of the defendant, it appeared that between seven and eight o'clock on a September evening the plaintiff was crossing a street to take a car which he saw approaching on the farther of two parallel tracks of the defendant, and that when he reached the first rail of the nearer track he signalled to the motorman of the car to stop at the usual stopping place, a white post of the defendant on the opposite side of the street, the plaintiff being then on his way to a point ten or twelve feet beyond the post, that the headlight of the car was shining and that the street in the vicinity was illuminated by two large electric arc lights, that in response to the plaintiff's signal the motorman shut off the power, applied the brakes and lessened the speed of the car, whereupon the plaintiff, without looking again, proceeded to cross the farther track in front of the usual place for the car to stop, when the motorman, instead of stopping at the post, materially increased the speed of the car without any warning and ran over the plaintiff before he could get clear of the track. *Held*, that there was evidence of a failure on the part of the defendant to exercise the degree of care which it owed to the plaintiff as a traveller concurrently using the highway.

BRALEY, J.    This is an action of tort to recover for personal injuries caused by a car of the defendant coming into collision with the plaintiff as he was crossing in front of it for the purpose of becoming a passenger.    The plaintiff obtained a verdict, and the case is before us on the defendant's exceptions to a refusal of the judge * to rule that upon all the evidence the plaintiff could not recover, and that there was no evidence of the defendant's negligence or of the due care of the plaintiff.    It is apparent that, while the description of what happened given by

---

* *Lawton, J.*

the plaintiff and his witnesses cannot be reconciled with the testimony of the defendant's motorman and conductor, the jury would have been warranted in deciding upon the evidence introduced by the plaintiff that the material facts were as follows: The plaintiff whose house fronted on the easterly side of a street, running north and south where the defendant's double tracks were located, desired to take a south bound car, and seeing it approaching about three hundred yards distant, started to cross the tracks to a white post directly opposite, where cars usually stopped. It had been customary for him during a period of five years frequently to board cars by going across from his house to the post, and on the day of the accident he selected a line of travel which would have brought him to a point ten or twelve feet below the post where, as he thought, this space would allow sufficient room for the car to stop. Having reached the first rail of the north track and when the car was within one hundred and fifty feet, he looked to see whether that track was clear, and waved his hand. The motorman shut off the power, applied the brakes and lessened the speed. In reliance on the belief that the car would be stopped as usual, and without again looking, he walked quickly, or ran, on to the south track, and, when about half way over, observing that the car had not stopped but was coming very rapidly, he ran faster, yet could not clear the track before he was struck and severely injured. Obviously, the jury properly could find thereon that the plaintiff, who intended to become a passenger at the usual stopping place, signalled the car, and, seeing that his signal apparently had been recognized by the application of the brakes and slackening of speed, reasonably concluded that the car would come to a full stop at or near the post, affording him an ample opportunity to go over safely. If, as the collision proved, he was mistaken, the plaintiff's error of judgment did not constitute negligence as matter of law, but whether his conduct under the circumstances was that of the ordinarily intelligent and prudent man was a question of fact. *Hennessey* v. *Taylor*, 189 Mass. 583, 585, and cases cited. *O'Brien* v. *Lexington & Boston Street Railway*, 205 Mass. 182. The accident occurred between seven and eight o'clock of a September evening, but, apart from the undisputed evidence that the headlight of the car was

burning and that the street in the vicinity was illuminated by two large electric arc lights, which the jury might be satisfied enabled the motorman to see the track distinctly, they also could say that he must have been aware of the plaintiff's position, for in response to the signal he prepared to stop and take on passengers. In view of the peril to which the plaintiff must be exposed if the car kept on, to then materially increase the speed without any warning and precipitate a collision, was evidence of a failure to exercise that degree of care which the defendant owed to him as a traveller concurrently using the public ways. *Fallon* v. *Boston Elevated Railway*, 201 Mass. 179, 182, and cases cited. *O'Brien* v. *Lexington & Boston Street Railway*, 205 Mass. 182, 183, and cases cited.

*Exceptions overruled.*

*Asa P. French*, (*J. S. Allen, Jr.*, with him,) for the defendant. *F. P. Garland*, for the plaintiff.

