CHARLES B. CUDDY *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.     January 10, 1911. — March 1, 1911.

Present : KNOWLTON, C. J., LORING, BRALEY, SHELDON, & RUGG, JJ.

*Negligence*, In use of highway, Street railway.

A traveller upon a street properly can be found to be in the exercise of due care if, in crossing a street upon a cross walk, he reaches a position between parallel tracks of a street railway, sees a car between twenty and thirty feet away on the track in front of him approaching at from eight to ten miles an hour, pauses to see if he will have a chance to go by, looks at the motorman, sees him give a distinct nod in the direction toward which the traveller is going, and thereupon starts on ahead of the car, keeping his eyes on the motorman whom he then sees turn his hand and thinks that he turns it in an effort to stop the car, which nevertheless runs into the traveller after he has taken two steps from his former position between the tracks.

TORT for personal injuries received by the plaintiff from being run into by an electric street car as described in the opinion. Writ dated April 26, 1907.

In the Superior Court the case was tried before *Harris*, J. The material facts are stated in the opinion. At the close of the plaintiff's evidence, the presiding judge ordered a verdict for the defendant and reported the case to this court for determination, the parties agreeing that, "if, upon all the evidence, including any evidence excluded against objection and exception which should have been admitted, and excluding any evidence admitted against objection and exception which should have been

excluded, the plaintiff was entitled to go to the jury, then a judgment should be entered for the plaintiff in the sum of $1,300; otherwise judgment to be entered on the verdict for the defendant."

R. Homans, (A. G. Grant with him,) for the plaintiff.

W. G. Thompson, (R. Spring with him,) for the defendant.

SHELDON, J.   While the plaintiff was in a safe position between the inward and the outward bound tracks of the defendant's railway, having crossed the former track upon his way across the street, he saw a car approaching him upon the outward track at a distance from the cross walk on which he stood, which he put at from ten to fifteen feet, but which upon the testimony of Hanley and the distances shown upon the plans that were in evidence, the jury might have found to be twenty or possibly thirty feet.   He went on in front of the car, which also kept on without any apparent abatement of its speed, until he had stepped upon the outward track, or just before that, when he testified that he thought it " kind of slowed down."   He was struck by the car and was injured.   On cross-examination he said that when he last saw the car it was going practically as fast as when he first saw it, and this was " a pretty good clip," which he defined as " a good horse trot."   His other witness put the speed of the car at eight or ten miles an hour.

If this were all of the case, it would be plain that he was not in the exercise of due care, and that the verdict for the defendant was rightly ordered.   One who without excuse steps in front of a swiftly moving car already so dangerously near to him cannot recover for an injury to which he has thus contributed.   We need refer only to a few of the many cases which have established this proposition.   Mathes v. Lowell, Lawrence & Haverhill Street Railway, 177 Mass. 416.   Madden v. Boston Elevated Railway, 194 Mass. 491.   Casey v. Boston Elevated Railway, 197 Mass. 440.   Rundgren v. Boston & Northern Street Railway, 201 Mass. 156.   Cohen v. Boston Elevated Railway, 202 Mass. 66.

But the plaintiff testified further that when he saw the oncoming car " he paused to see if he would have a chance to get by, and after pausing looked around to the motorman, and that the motorman gave a distinct nod in the direction from the plain-

tiff," and that it was only after this that he attempted to cross the track. He testified also that after he started to cross this track he kept on moving, and believed that he took two steps before he was struck; that after he started across he was looking at the car, keeping his eyes on the motorman, whom he saw in the vestibule; that he saw the motorman turn his hand; that he thought the motorman made an effort to stop the car, though without producing any particular effect upon it.

It is contended for the plaintiff, and in our opinion the jury could have found, that in attempting to cross the track he was acting upon what he properly believed to be the invitation of the motorman, and that this was an assurance that he could cross with safety, such as in the exercise of reasonable prudence he had the right to act upon. He might believe that the motorman, having given him this invitation and assurance, at once would check the speed of the car so as to allow him the few seconds that were needed. If he saw the motorman turn his hand, the jury could infer that this was done in turning the brake handle for that purpose, and that this, accompanying the nod of the head, was a further assurance of safety. It is not unusual for persons having occasion to cross the streets in the neighborhood of cars, automobiles or other rapidly moving vehicles, to receive and to rely upon such signals from motormen, chauffeurs or drivers. That the speed of the car was perhaps not diminished after he stepped upon the track does not affect the question of what he had a right to expect when he went upon the track. In *O'Brien* v. *Lexington & Boston Street Railway*, 205 Mass. 182, 184, some stress is laid upon a signal given by a nod of the head.

In view of the exclusion of the plaintiff's testimony in answer to the inquiry whether he thought there was any danger in doing as he did (see *Jeddrey* v. *Boston & Northern Street Railway*, 198 Mass. 232, 235), it cannot be argued that he did not rely upon what he saw or thought he saw done by the motorman.

The defendant has not contended that if the plaintiff was in the exercise of due care, there was not evidence of its negligence.

The case is very close; and it may be that the weight of the evidence is against the position of the plaintiff. We are of opinion, however, that there was some evidence tending to show

that he was exercising due care.  See *Sweeny* v. *Old Colony &
Newport Railroad,* 10 Allen, 368, 377; *Hanley* v. *Boston Ele-
vated Railway,* 201 Mass. 55; *Powers* v. *Old Colony Street
Railway,* 201 Mass. 66; *Hatch* v. *Boston & Northern Street
Railway,* 205 Mass. 410.  *Hunt* v. *Old Colony Street Railway,*
206 Mass. 11.

Upon the terms of the report and the stipulation of the par-
ties, judgment must be entered for the plaintiff for the sum
therein stated.

<div align="right">

*So ordered.*