JOHN J. MAGNER *vs.* BOSTON ELEVATED RAILWAY COMPANY.
SARAH A. CONNORS *vs.* SAME.

Suffolk.    March 15, 1911. — May 18, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, BRALEY, SHELDON, & RUGG, JJ.

*Negligence,* In use of highway, Due care of plaintiff.

A person, who stops on a crosswalk at the corner of two city streets to allow a team to pass him and during this momentary pause fails to look around and is struck and injured by a street car which comes around the corner from the intersecting street without sounding any gong or bell, is not necessarily negligent, and in an action against the corporation operating the street railway for his injuries thus caused, in which there is evidence of negligence on the part of the defendant, he may be entitled to have the question whether he was in the exercise of due care submitted to the jury.

TWO ACTIONS OF TORT for personal injuries sustained on February 25, 1908, from being knocked down by a street car owned and operated by the defendant. Writs dated June 19 and October 21, 1908.

In the Superior Court the cases were tried together before *Lawton*, J. The plaintiff in the first case testified that he was a plumber, whose place of employment was on Essex Street in Boston; that on the day of the accident he had been with the plaintiff in the second case to a jewelry store to get a locket repaired; and that they came down Beach Street from Washington Street to Harrison Avenue.

He then testified as follows: "I had got about half ways across Harrison Avenue in Beach Street when a big double-horse team came around the corner, and there is a double set of tracks on Beach Street and there was a car, a Charlestown car, came up Harrison Avenue from Essex Street to go to the South

Station. When I crossed the street I couldn't get any nearer to this wagon unless I wanted to get run over. This car came up Harrison Avenue, turned the corner and never rang the bell or anything; I never knew he was there until the car hit me and knocked me down. As it hit me it hit me on the left leg right at the muscle and I fell. I fell that way. And then the step hit me again and threw me, and then Miss Connors was thrown also."

The plaintiff in the second case testified that she was employed in a clerical position on Lincoln Street in Boston; that the accident happened at about noontime; that she, walking with the plaintiff in the first case, came down Washington Street to Beach Street and then started to walk on Beach Street toward Kingston Street. She then testified as follows: " Well, we were walking along and we got there at the curbstone, and there was a two-horse team, a large two-horse team, coming along, and of course we had to wait there, we couldn't go by, and a car came down Harrison Avenue and I didn't hear no bell or nothing — there was nothing rung until Mr. Magner was knocked down by the car and threw me down." She was not struck by the car, but the plaintiff in the first case was knocked against her and she went down.

It was testified that the plaintiff in the first case broke a rib and sustained other injuries and that the plaintiff in the second case sustained a severe nervous shock.

At the close of the plaintiffs' evidence, the judge ruled that there was no evidence that the plaintiffs were in the exercise of due care, and that the plaintiffs could not recover. He ordered a verdict for the defendant in each case; and the plaintiffs alleged exceptions.

The case was argued at the bar in March, 1911, before *Knowlton,* C. J., *Morton, Hammond, Sheldon, & Rugg,* JJ., and afterwards was submitted on briefs to all the justices.

*J. J. Mansfield, (J. J. Gearin* with him,) for the plaintiffs.

*J. E. Hannigan,* for the defendant.

SHELDON, J. While these cases are very close, the majority of the court are of opinion that they should have been left to the jury. The plaintiffs were not necessarily negligent in starting to cross Harrison Avenue as they were passing along Beach

Street. Their stopping on the crossing to allow a team to pass in front of them could be found to have been merely a proper act of precaution. Their failure to look around during this momentary pause was not decisive of negligence. *Murphy* v. *Armstrong Transfer Co.* 167 Mass. 199, and cases cited. The cases differ from *Byrne* v. *Boston Elevated Railway*, 198 Mass. 444, *Callaghan* v. *Boston Elevated Railway*, 200 Mass. 450, or *Smith* v. *Boston Elevated Railway*, 202 Mass. 489. See *Hennessey* v. *Taylor*, 189 Mass. 583; *Hunt* v. *Old Colony Street Railway*, 206 Mass. 11; *Kerr* v. *Boston Elevated Railway*, 188 Mass. 434; *Silva* v. *Boston Elevated Railway*, 183 Mass. 249; *Howland* v. *Union Street Railway*, 150 Mass. 86. The case last cited closely resembles those now before us.

It does not appear to have been disputed that there was evidence of negligence for which the defendant was responsible.

*Exceptions sustained.*