MARGARET MULLEN *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.    March 27, 1911. — May 18, 1911.

Present : KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Negligence*, Street railway, In use of highway.

At the trial of an action by a girl twelve years of age, when injured, against a street railway corporation there was evidence tending to show that, as the plaintiff, coming from a street upon which there were no tracks, approached double tracks of the defendant upon an intersecting street, she saw a car approaching on the nearer track some distance away and that it appeared to her to be "slowing down," that she saw a heavy team approaching from the opposite direction on the farther track at a walk, that thereupon she started to cross the tracks and that she would have crossed in safety, had not the driver of the team suddenly whipped up his horses just as she reached the nearer track, upon which the street car was approaching, and that, upon the driver doing this, she became confused, hesitated and was run into by the street car. The view of the motorman of the car was unobstructed. *Held*, that the plaintiff had a right to assume that the driver of the wagon and the motorman of the car would use reasonable care to avoid running her down, and that the questions, whether the plaintiff was in the exercise of due care and whether the motorman was negligent, were for the jury.

TORT for personal injuries caused by the plaintiff, a child twelve years of age, being struck by a car of the defendant at

the corner of Williams Street and Shawmut Avenue in Boston. Writ dated July 18, 1907.

In the Superior Court the case was tried before *Harris*, J. Shawmut Avenue runs northerly and southerly. The street railway track designated as "inward" in the opinion was on the easterly side of Shawmut Avenue, and that designated "outward" was on the westerly side. The plaintiff's evidence tended to show that she was crossing Shawmut Avenue from the east, thus approaching first the inward track.

Other facts are stated in the opinion.

At the close of the evidence the defendant asked for a ruling that upon all the evidence the plaintiff was not entitled to a verdict. The ruling was refused. The jury found for the plaintiff in the sum of $1,500 ; and the defendant alleged exceptions.

*J. E. Hannigan*, for the defendant.

*W. Flaherty*, (*J. P. Walsh* with him,) for the plaintiff.

BRALEY, J. The evidence is irreconcilable. But the jury could have found from the plaintiff's testimony, that she was walking on the crosswalk over the plaintiff's track, after having looked when at the curbstone and seen the car some distance away on the inward track, which appeared to be "slowing down," and a heavy team approaching at a walk from the opposite direction on the outward track. It was not, as matter of law, negligence for her to attempt to cross from one side of the street to the other. *Wood* v. *Boston Elevated Railway*, 188 Mass. 161. *Silva* v. *Boston Elevated Railway*, 183 Mass. 249. *Coleman* v. *Lowell, Lawrence & Haverhill Street Railway*, 181 Mass. 591. *Creavin* v. *Newton Street Railway*, 176 Mass. 529. *Driscoll* v. *West End Street Railway*, 159 Mass. 142. And the plaintiff had the right to assume that the motorman and the driver of the team would use reasonable care to avoid running her down. *Jeddrey* v. *Boston & Northern Street Railway*, 198 Mass. 232, 234. *Hennessey* v. *Taylor*, 189 Mass. 583, 586. *Finnick* v. *Boston & Northern Street Railway*, 190 Mass. 382, 386. *Murphy* v. *Armstrong Transfer Co.* 167 Mass. 199, 201. It further could have been found that the plaintiff would have passed ahead of the wagon, and over in safety, if the driver had not suddenly whipped up his horses just as she reached the inward track, and placed her in a dangerous position where she hesi-

tated whether to go forward, or to turn back, and while in doubt she was struck by the car. The occurrence was not extraordinary, but merely an incident likely to arise in the concurrent use of our streets by different classes of travellers, where street cars also are operated. The plaintiff was twelve years of age, and it was for the jury to determine whether, when thus beset, she acted with reasonable prudence. *O'Brien* v. *Lexington & Boston Street Railway*, 205 Mass. 182, 184. The question of the defendant's negligence was also for the jury. The view of the motorman was unobstructed, and the car was being operated not with an exclusive right of way, but subject to the exigencies of public travel. *Eustis* v. *Boston Elevated Railway*, 206 Mass. 143, 144, and cases cited.

*Exceptions overruled.*