WILLIAM A. LUNDERKIN *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    November 14, 1911. — February 29, 1912.

Present: RUGG, C. J., HAMMOND, SHELDON, & DECOURCY, JJ.

*Negligence,* In use of highway, Street railway.

If an old man, who at the intersection of two streets is proceeding to walk across one of them on which are the tracks of a street railway, is on the lookout for passing cars and, after having been somewhat delayed in waiting for cars to go by, when twelve feet from the tracks sees a car on the nearer track coming toward him slowly one hundred and twenty or more feet away, and, thinking that

he can pass in front of the car without danger, continues to walk onward and is struck by the car as he is stepping off the farther rail, he cannot be said as matter of law to be wanting in due care.

TORT for personal injuries sustained by the plaintiff from being struck by a street car of the defendant on June 11, 1908, when the plaintiff was walking across Huntington Avenue in Boston at its intersection with Ruggles Street. Writ dated July 18, 1908.

In the Superior Court the case was tried before *DeCourcy*, J. The facts which could have been found upon the evidence are stated in the opinion. At the close of the evidence, the judge ordered a verdict for the defendant, and reported the case for determination by this court. If the ruling of the judge was wrong, a new trial was to be ordered; otherwise, judgment was to be entered on the verdict.

*S. C. Brackett*, for the plaintiff.

*E. P. Saltonstall*, for the defendant.

RUGG, C. J.   There was evidence tending to show that the plaintiff was walking across Huntington Avenue, where it is intersected by Ruggles Street, when he was struck by a car of the defendant. He stood upon the sidewalk several minutes waiting for cars to pass. Double tracks of the defendant were in a reservation in the middle of Huntington Avenue, on either side of which was a driveway. The distance from the curb of the sidewalk on which the plaintiff stood to the nearest rail of the defendant's track was twenty-eight feet. The plaintiff was seventy-eight years old and was carrying with his arm around its bottom a peach basket filled with clothes. He started to cross Huntington Avenue, and when about midway of the driveway or twelve feet from the nearest rail saw a car moving slowly toward him on the nearer track, and four or five car lengths away. He kept looking at the car occasionally, but thinking he had time to cross continued to walk onward, and just as he was stepping off the farther rail he was struck by the car. The car was about thirty feet in length. The substance of the case is that, although the evidence was conflicting, the jury might have found that an old man, on the lookout for passing cars, after being somewhat delayed in waiting for them to go by, when twelve feet from the tracks, saw a car coming toward him slowly one hundred and twenty or more feet away, and tried to go in front of the car, having made up his mind that

there would be no danger in passing over the tracks, and was struck when another step would have brought him to a place of safety. This conduct cannot be pronounced wanting in due care, as matter of law. It was a fact proper for the determination of the jury. This case falls within the class of which *Albee* v. *Boston Elevated Railway,* 209 Mass. 6, *Magner* v. *Boston Elevated Railway,* 209 Mass. 60, *Coleman* v. *Lowell, Lawrence & Haverhill Street Railway,* 181 Mass. 591, are illustrations. It is distinguishable, either in observation on the part of the plaintiff or the distance of the car or its speed, from *Madden* v. *Boston Elevated Railway,* 194 Mass. 491, *Callaghan* v. *Boston Elevated Railway,* 200 Mass. 450, *Rundgren* v. *Boston & Northern Street Railway,* 201 Mass. 156, and the other cases upon which the defendant relies.

It has not been argued that there was not evidence sufficient to support a finding of negligence on the part of the motorman of the defendant's car. *Jeddrey* v. *Boston & Northern Street Railway,* 198 Mass. 232.

*New trial ordered.*