JOHN HENNESSEY *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    March 20, 1912. — May 21, 1912.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DECOURCY, JJ.

*Negligence,* In use of highway, Street railway.

At the trial of an action for personal injuries against a street railway company by a boy who when injured was less than twelve years of age, there was evidence tending to show that, while the plaintiff was walking along a sidewalk of a street on which street cars ran in the same direction as that in which he was going, he had to turn out into the street to avoid obstructions placed upon the sidewalk by a builder which extended for about one hundred and twenty-five feet along the street, that there were two fences, one at each end of the obstructed portion of the street, which left fifteen or eighteen inches between them and the nearer rail of the street railway track, that before passing the first fence the plaintiff looked to see whether a car was coming and saw none, that when about midway between the fences he looked to see whether his companions who were with him were following him and saw that they were directly behind him, but that he did not look for a car then, that he heard no gong or bell of a car, that as he was going around the end of the second fence he was struck by a car, which ran from two hundred to two hundred and fifty feet farther before it was stopped, and that the motorman's view as he approached the plaintiff was unobstructed. *Held,* that the questions of the plaintiff's due care and of the negligence of the motorman were for the jury.

MORTON, J.    This case comes here on exceptions by the defendant to the refusal of the trial judge * to rule that there was no evidence that the plaintiff was in the exercise of due care or that the defendant was negligent. We think that the questions thus presented were both rightly submitted to the jury.

1. At the time when the accident happened the plaintiff was between eleven and twelve years of age. The sidewalk of the street along which he was passing was obstructed for about one hundred and twenty-five feet by building operations. At each

---

* *White,* J.

end of the obstruction was a fence extending several feet into the street.*  The plaintiff testified that when he reached the obstruction he turned from the sidewalk into the street for the purpose of passing along by the obstruction, and that as he passed by the first fence he looked to see if a car was coming and saw none and went along between the obstructions and the track until he got to the other fence, when as he turned out to go round it, he was struck by a car and thrown against the fence, breaking his left leg.  He also testified that when about midway between the fences he looked round to see where the boys who were with him were and that they were right behind him, but did not look for a car, and that before he was struck he heard no gong or bell.  There was nothing to show how often the cars ran through the street.  The plaintiff lived near the scene of the accident and was familiar with the locality.  It was for the jury to say whether the plaintiff exercised such care as he was bound to exercise and as naturally would be expected from a boy of his age, and whether he should have looked again to see if a car was coming, and whether he might not rely, though unconsciously perhaps, upon being warned by the motorman and the boys with him if a car did come along.  See *Howland* v. *Union Street Railway*, 150 Mass. 86.  It was also for the jury to say whether he was hit by the front of the car or by the running board, and whether the accident occurred in consequence of the plaintiff and his companions attempting to steal a ride or in the manner in which the plaintiff testified that it did.

2.  There was evidence that the motorman's view of the street was unobstructed and that the car ran from two hundred to two hundred and fifty feet after the accident before it was stopped.  The testimony of the motorman and that of other witnesses for the defendant tended to contradict that of the plaintiff and his witnesses as to the manner in which the accident happened.  But it was for the jury to say, taking all the circumstances into account, whether the motorman exercised due care.  See *Mullen* v. *Boston Elevated Railway*, 209 Mass. 79.

*Exceptions overruled.*

F. M. Ives, for the defendant.
J. P. Walsh, for the plaintiff.

---

* There was evidence that the ends of these fences were within fifteen or eighteen inches of the nearer rail of the defendant's track.