JOHN A. THOMPSON *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    March 7, 1917. — June 25, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Negligence,* In use of highway, Street railway.

At the trial of an action against a street railway corporation for personal injuries received previous to the enactment of St. 1914, c. 553, there was evidence tending to prove that the street in front of the plaintiff's house ran easterly and westerly and was straight for many hundred feet in both directions, the plaintiff's house being on the southerly side and the fourth house westerly from the intersection at right angles of that street with another; that on both streets were double tracks of the defendant, which were connected, cars running westerly

on the track on the northerly side of the street in front of the plaintiff's house; that on that street on the southwesterly corner of the two streets was a white post signifying a "dead stop," at which all cars of the defendant were required to stop; that the plaintiff knew that all cars stopped there; that previous to the accident the plaintiff came from his house intending to take a car coming from the intersecting street and going westerly on his street; that he looked westerly and saw a car approaching on the nearer track two hundred yards away; that he stepped off the curbstone "leisurely in a kind of curved fashion;" that when between the curb and the nearest rail he again looked westerly and saw the car about fifty yards away; that, taking into consideration that the car must slow up to stop at the "dead stop," he continued on his way toward the car which he wished to take, which had just come around the corner and had stopped on the farther track, and that he was struck by the car coming from the west, the gong on which had not been rung, just as he was "stepping over" its track.  *Held*, that, while it might be that the plaintiff erred in judgment, the question of his due care was for the jury, who would have been warranted in finding that no indifference nor willingness to take chances led him to step in front of the incoming car and to expose himself to the hazard of serious injuries.

It cannot be ruled as matter of law that a pedestrian is guilty of contributory negligence if he attempts to pass diagonally over the track of a street railway when a street car is seen by him approaching fifty yards away which he expects will slacken its speed preparatory to a full stop required by the street railway company at a white post beyond him.

TORT for personal injuries received when the plaintiff on April 27, 1914, was struck by an electric street car of the defendant bound outward from Boston on East Fourth Street in that part of Boston called South Boston.  Writ dated July 15, 1914.

In the Superior Court the action was tried before *Fessenden*, J. It appeared that East Fourth Street runs easterly toward City Point and westerly toward Boston proper and at the point of the accident is a straight street in both directions for many hundred feet.  In the centre of it are double tracks of the defendant. P Street crosses East Fourth Street at right angles and upon it also are double tracks, which are connected with the tracks on East Fourth Street.  The plaintiff's house was on the southerly side of East Fourth Street and was the fourth house westerly from the corner of East Fourth Street and P Street.  In front of a house on the westerly side of P Street facing East Fourth Street at the corner was a white post of the defendant at which all outbound cars stopped.  This was known as a "dead stop" and about opposite this white post were switches by which a car could go either to the north or to the south on P street.  There was no evidence that the car which struck the plaintiff had passed the white post before striking him.

Other material evidence is described in the opinion.  At the close of the evidence the defendant asked the judge to rule that upon all the evidence the plaintiff was not entitled to recover. The ruling was refused and the case was left to the jury, who found for the plaintiff in the sum of $700.  The defendant alleged exceptions.

*E. P. Saltonstall,* for the defendant.

*D. I. Walsh, T. L. Walsh & J. P. Magenis,* for the plaintiff, submitted a brief.

BRALEY, J.  The defendant's counsel states in his brief, that the plaintiff's statements as to his movements after he left the sidewalk "are so conflicting and contradictory on all essential points that it is very difficult to summarize his testimony" given in his direct, cross, redirect and recross examination.  But the contradictory statements were for the consideration of the jury unless they rejected his entire evidence, and the verdict in his favor must stand if warranted by any material aspect of his testimony. *Tierney* v. *Boston Elevated Railway,* 216 Mass. 283.   *Kerr* v. *Shurtleff,* 218 Mass. 167, 170.   *Hooper* v. *Bay State Street Railway,* 218 Mass. 251, 255.   *Cleary* v. *Cavanaugh,* 219 Mass. 281, 285.

We are not concerned with the credibility of witnesses, or the weight of evidence, and the jury on the plaintiff's direct and redirect examination would have been justified in finding, that on the morning of the accident he left his house intending to take an inbound car, and upon reaching the sidewalk on East Fourth Street looked to his right to see if his car, which would come around P Street into East Fourth Street, had arrived, and then looking to his left saw at the other side of O Street an outbound car about two hundred yards away.   He then stepped off the curbstone "leisurely in a kind of curved fashion," and while in the space between the curb and the nearest rail he looked to the left toward the outbound car which had crossed O Street and was about fifty yards away, while the inbound car had stopped "just around the corner," at the white post where all cars "always slow up before coming there at all and always stop."   And as the plaintiff, who knew of this custom and "took this fact into consideration" and "expected this car to slow up," kept on his way turning his "head sideways" to look back, he was struck by the outbound car while "just stepping over there, the outer track."   A further finding would have

been warranted that after he looked the second time, he looked a third time "when he was about to step over the second rail and saw the car, and could not tell how far away it was from him, and at that time he had no apprehension of danger. The car struck him right after that; that he was clearing the rail when the car struck him; that he heard the car coming along but heard no bells; that a bell was not rung." If when pressed in recross-examination he may have substantially contradicted what he previously had said descriptive of his conduct, upon further re-direct-examination he testified, "that at the time when he last looked he could not tell how far away the car was, he felt he could safely get across and kept going along and got hit by the car while starting to cross the further rail, and at that time he started to look around." It may be as the event proved that the plaintiff erred in judgment. But the jury could say there was no indifference or willingness to take chances which led him to step in front of an oncoming car and to expose himself to the hazard of serious injuries.

A majority of the court are of opinion that it could not have been ruled as matter of law that a pedestrian who attempts to pass diagonally over the tracks of a street railway where the car is seen by him fifty yards away and is expected to slacken speed preparatory to a full stop when crossing the line of intersection of the track and the course of the traveller, is guilty of contributory negligence. *O'Brien* v. *Lexington & Boston Street Railway,* 205 Mass. 182, 184, 185. *Hunt* v. *Old Colony Street Railway,* 206 Mass. 11, 13. *Albee* v. *Boston Elevated Railway,* 209 Mass. 6. *Lunderkin* v. *Boston Elevated Railway,* 211 Mass. 144. *O'Toole* v. *Boston Elevated Railway,* 211 Mass. 517.

*Exceptions overruled.*