ERNEST GERHART *vs.* HOLYOKE STREET RAILWAY COMPANY.

Hampden.   September 23, 1920. — October 19, 1920.

Present: RUGG, C. J., DE COURCY, CROSBY, & JENNEY, JJ.

*Negligence,* Street railway, In use of highway.

At the trial of an action against a street railway company for personal injuries received when the plaintiff was run into by an open electric car of the defendant in a street in a city at about nine o'clock in an evening in July, there was evidence tending to show that in the middle of the street where the collision occurred were double tracks of the defendant, with about twelve and one half feet of roadway between each curb and the nearest rail; that at that time the street between the rails was impassable for vehicles because of repairs being made; that, previous to the accident, the plaintiff, standing in a doorway on the street, saw the car, which later ran into him, approaching from his right on the farther track and about four hundred and fifty feet distant, and that his view of it thereafter was unobstructed, the street being well lighted and the car's strong headlight being turned on; that the plaintiff then crossed the sidewalk and the adjacent roadway and with a folded newspaper motioned to the motorman to stop at a nearby stopping place; that it was necessary for the plaintiff to cross both tracks to take the car; that the car, as it approached, running at the rate of seven or eight miles an hour, still further diminished its speed, and the plaintiff, seeing this, started across the tracks in front of it; that then the motorman started to "move again quick;" that, just before the plaintiff got across the farther track, he saw a motor car approaching from his left on its left hand side of the track and coming close to the street railway track on the side he was approaching; that the plaintiff turned and faced the motor car, with his back to the approaching street car, which then was either seven or eight, or thirty or thirty-five feet distant from him; that the motorman, although he saw the plaintiff before he reached the tracks, did not see his signal to stop; that the plaintiff was struck on his left leg by the running board of the street car and was thrown against the motor car. *Held,* that

(1) It could not be ruled as a matter of law that the plaintiff was negligent;

(2) The question of the motorman's negligence was for the jury.

TORT for personal injuries caused by the plaintiff being run into by an electric street car on Chicopee Street in Chicopee. Writ dated August 28, 1916.

In the Superior Court the action was tried before *Irwin*, J. The material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in its favor. The motion was denied. The jury found for the plaintiff in the sum of $557; and the defendant alleged exceptions.

*D. H. Keedy*, (*J. P. Kirby* with him,) for the defendant.

*J. L. Gray*, for the plaintiff.

JENNEY, J. The plaintiff seeks to recover compensation for damages sustained by him, about nine o'clock in the evening of July 31, 1915, when he was hit by the running board of an open electric car of the defendant on Chicopee Street in Chicopee. The double track of the defendant occupied a space fourteen feet seven inches in width in the centre of the roadway, which was about forty feet wide between the curbs. The distance between the easterly curb and the most easterly rail was twelve feet ten inches; and that between the most westerly rail and the westerly curb was twelve feet six inches. At or very near the point where the accident happened, there was a regular stopping place for cars. The street was well lighted and the "strong, brilliant" headlight of the car was on. The tracks were in process of reconstruction, "the street between both lines of track" being "pretty well ripped up" with a "lot of trap rock" between the rails, but not so high as the rails. The plaintiff was thoroughly familiar with the conditions then existing. The sole question is whether the defendant's motion that a verdict be ordered in its favor was denied rightly.

The jury upon the contradictory evidence would have been warranted in finding the facts as follows: The plaintiff, who had been standing in a doorway on the easterly side of the street, saw the car with which he collided when it was about four hundred and fifty feet northerly from him and as it came around an angle in the street, and thereafter his view of it was unobstructed. He left the doorway, crossed the sidewalk and entered upon the travelled road, holding in his hand a folded newspaper and motioning with it to the motorman to stop. It was necessary for the plaintiff to cross both tracks in order to take the car. The car, which had been going seven or eight miles an hour, slowed down and then started to "move again quick." The plaintiff saw the diminution in its speed. The motorman, although he saw the plain-

tiff before he was on either track, did not observe his signal to stop. The plaintiff was hit by the running board when he was just crossing the westerly track, but before he had fully got over it. Just before he had "got pretty nearly across," he saw an automobile approaching from the south on the westerly or left hand side of the street and "coming pretty close" to the westerly track. When he saw the automobile, he faced it, with his back to the car, which at that instant was either seven or eight feet away from him, or about thirty or thirty-five feet distant — the smaller figures being those given by the plaintiff, and the larger those of the motorman. The plaintiff's left leg was hit by the lower running board of the electric car and he was thrown against the passing automobile, receiving injury both from his impact with the car and from that with the automobile. The motorman saw the approaching automobile before the accident.

The case was properly submitted to the jury. The plaintiff was so situated that he was in danger of collision with the automobile, or of being caught in an insufficient space between the automobile and the electric car if he went forward, or of being struck by the electric car if he stood still. His action in putting himself in that situation at or near a place where he had reason to believe the car would stop to receive him and in failing to retreat, even if there were time so to do, cannot as matter of law be held negligent. He was not bound to assume that the automobile, which was approaching on the left side of the street, would come so near the tracks as to give insufficient space between it and the car. *Hunt* v. *Old Colony Street Railway*, 206 Mass. 11. *Magner* v. *Boston Elevated Railway*, 209 Mass. 60. *Meysht* v. *Boston Elevated Railway*, 210 Mass. 341. *Thompson* v. *Boston Elevated Railway*, 227 Mass. 407. *Neafsey* v. *Szemeta*, 235 Mass. 160.

The question of the negligence of the motorman was also properly submitted. The car was about to pass a moving automobile at a place used for the receipt of passengers, and where a person in fact desired to become a passenger. The motorman, who saw the plaintiff, did not see the signal to stop. It could have been found, either that he failed to have the car so under control that it could have been stopped before the accident, or that he could have stopped it, but did not do so. This was sufficient to warrant

the submission of the case to the jury.  *Hunt* v. *Old Colony Street Railway, supra.  Mullen* v. *Boston Elevated Railway,* 209 Mass. 79. *Niles* v. *Boston Elevated Railway,* 230 Mass. 316.

<div align="right">

*Exceptions overruled.*