DELIA L. COOK *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    November 19, 1923. — February 28, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence*, Street railway: escalator in station; Contributory.

At the trial of an action against a street railway company for injuries alleged to have been received by the plaintiff and to be due to a defect in an escalator maintained by the defendant for the use of passengers passing from a station in a subway to the surface of the street, there was evidence tending to show that early in the day the plaintiff and other passengers arrived at the station and proceeded to the escalator; that the escalator was not running; that there was no sign before or on the escalator and no bar across it preventing its use; that the plaintiff, following many other passengers, stepped upon the escalator to use it as a stairway, and others followed; that at the time the plaintiff stepped upon the escalator she did not know it was not in motion and learned of that fact for the first time when she had stepped up three steps; that she then proceeded, and, after a number of persons had got on the escalator, it revolved rapidly backward and the plaintiff was thrown and injured.   There was evidence of the defendant controverting that of the plaintiff and tending to show that barriers had been placed before the escalator.   The trial judge ordered a verdict for the defendant.   *Held,* that

(1) The question, whether the plaintiff was in the exercise of due care, was for the jury, even though it were determined that the plaintiff made a mistake in choosing to go forward rather than to return when she found that the escalator was not running;

(2) The question, whether the permitted use of the escalator in the circumstances was negligence on the part of the defendant or its employees, was for the jury;

(3) It was error to order a verdict for the defendant.

TORT for personal injuries alleged to have resulted from negligence of the defendant in the maintenance of a defective escalator at a subway station under the South Station in Boston.   Writ dated August 11, 1920.

In the Superior Court, the action was tried before *Morton,* J.   Material evidence is described in the opinion.   The judge ordered a verdict for the defendant.   The plaintiff alleged exceptions.

*W. A. Buie,* for the plaintiff.

*A. F. Bickford,* for the defendant.

PIERCE, J.   This is an action of tort to recover damages for personal injuries sustained by the plaintiff, through the alleged negligence of the defendant, while she was using a stairway called an escalator, arranged so that the treads ascended continuously and one stepping upon it was carried up from the platform under the South Terminal of the subway of the defendant street railway to the street above. At the close of all the evidence, the trial judge ordered the jury to find a verdict for the defendant, on the written motion of the defendant, and the case is before this court on the exceptions of the plaintiff to this order.

Applying the rule that a mover for a directed verdict admits the truth of all facts which the jury might find in favor of the plaintiff, and admits that the testimony and any inference of fact in favor of the plaintiff is true if it conflicts with evidence introduced by the defendant, *Lindenbaum* v. *New York, New Haven & Hartford Railroad,* 197 Mass. 314, 323, *Shea* v. *American Hide & Leather Co.* 221 Mass. 282, 283, the jury upon the reported facts properly could have found that on August 7, 1920, the plaintiff, who was fifty-five years of age, early in the morning became a passenger on a train of the defendant, and as such was carried from Central Square, Cambridge, through the tunnel to the station of the defendant under the South Terminal in Boston; that she arrived at the terminal at about 6:30 A.M.; that there are two moving stairways situated side by side on the east platform at the terminal, which lead from the platform to the street; that one of these was in motion and in use at the time the plaintiff came in front of the escalators; that the other was not in motion; that there were a lot of people ahead of her using the escalator that was not in motion to ascend to the street level; that the plaintiff did not know when she stepped upon the stairway that it was not in motion; that she first learned that fact " after she had passed the third step; " that she went ahead and was followed by a lot of people; that when " a sufficient number of persons got on the escalator " it revolved rapidly backwards and the plaintiff and others were thrown back on the tunnel platform and the plaintiff was injured.

There was evidence that the escalator had been " closed down at five o'clock on August 5, 1920, . . . and was not in working order on August 7, 1920." On cross-examination a transfer man employed by the defendant, who was on duty at the east platform, testified that " he had never known the escalator to be used by people if there was a sign on it, but if there was no sign on it they would run up it." The plaintiff testified she saw no signs indicating that this escalator was out of order or that it should not be used by her as a means of ascending to the street level, or that it was dangerous for her to use it; and that nothing was said to her by any one to dissuade her from using it; that she had noticed on previous occasions that there were chains or barriers on escalators at the South Station when they were not in motion; and that she knew no reason why this escalator moved backward.

On behalf of the defendant there was evidence that a barrier marked " closed," consisting of two upright iron posts about three feet in length set in sockets, but not permanently fastened, was placed across the entrance to the escalator when it was shut down; that it was in place at 6 A.M., but had been thrown to one side on the platform when the accident took place.

On the evidence the jury could find, disbelieving the witness for the defendant, that there was no sign across the entrance to the escalator at six o'clock on the morning of August 7, 1920; and that it was not there at that time or at the time of the accident through the neglect of some servant of the company whose duty it was to see that it was put and retained in the described position. And it could be found on the testimony that the escalator was used as a stairway by passengers, with the knowledge of the defendant, when there were no signs indicating that it was closed to travel. It could not be ruled on the evidence that the plaintiff had reason to anticipate harm to herself should she use the non-moving stairway, or infer that use of it was forbidden, in the absence of the signs of warning she had observed at other times.

The trial judge could not properly rule, as contended by

the defendant, that the plaintiff was not in the exercise of due care, because after she knew the escalator was not in motion she continued with others to walk up it until she, with such others, was thrown backward. Such a ruling could not have been made if consideration was given to the evidence that no physical barrier or warning sign prohibited its use, that on previous occasions such barrier had been before it to the plaintiff's knowledge when it was not intended that the escalator should be used; that a " lot of people " were ascending it when she came to it and a " lot of people " came upon it behind her, and presumably would interfere with if not block her leaving it. In a word, a mistaken choice between going forward and returning was not such a negligent act as in law must preclude her recovery. *Albee* v. *Boston Elevated Railway*, 209 Mass. 6. *Scherer* v. *Boston Elevated Railway*, 238 Mass. 367. *Coleman* v. *Lowell, Lawrence & Haverhill Street Railway*, 181 Mass. 591.

Negligence of the defendant properly could be found by the jury on the evidence for the defendant that the dead escalator was used by people who would run up it if there was no sign on it; that there was no sign on it when the plaintiff and others entered upon it; and, disbelieving the defendant's evidence, that there had been no sign or barrier on or before it on the day of the accident. If the defendant knew or ought to have known the use of a nonmoving escalator was likely to result in harm to passengers invited by the defendant to use the escalator, it clearly owed a duty to such passengers to warn them in some efficient manner that use of the nonmoving escalator was forbidden as dangerous. As said above the jury on the evidence could have found that the defendant on the day of the accident neither guarded the entrance to the stairway nor warned its passengers against the use of the escalator. It follows that the exceptions of the plaintiff must be sustained.

*Exceptions sustained.*