## MARGARET NEWMAN *vs.* EDWARD H. HILL.

Norfolk.   January 14, 1925. — January 20, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence*, Contributory, In use of highway.

At the trial of an action of tort by a woman for personal injuries received when she was crossing a public street and was struck by an automobile owned by the defendant and driven by his employee, there was evidence tending to show that the accident occurred on a November evening when it was raining; that there were double street car tracks in the street; that the plaintiff was carrying an umbrella but held it so that her view was not obstructed; that before she started to cross the street, she looked both ways and saw the defendant's automobile approaching from her right beyond an intersecting street which was from fifty to seventy-five feet distant; that when she reached the first street car track she looked to her right and saw the automobile in the vicinity of the intersecting street; that she did not know whether it was standing or moving, but she saw its headlights lighted; that she then thought "she had time to pass"; and that there was no other traffic on the street.   There was no evidence that the horn of the automobile was sounded.   *Held*, that it could not rightly have been ruled as a matter of law that the plaintiff was guilty of contributory negligence; and that a finding for the plaintiff was warranted.

TORT for personal injuries received when the plaintiff was struck by an automobile, owned by the defendant and operated by his employee, as she was crossing Boylston Street in Brookline.   Writ in the Municipal Court of Brookline dated February 21, 1924.

Evidence at the trial in the Municipal Court is described in the opinion.   The judge found for the plaintiff in the sum of $1,310.25, and, at the request of the defendant, reported the action to the Appellate Division for the Southern District, who ordered judgment for the defendant.   The plaintiff appealed.

*T. W. Proctor*, (*M. T. Prendergast* with him,) for the plaintiff.

*F. L. Reynolds*, for the defendant.

BY THE COURT.   This is an action of tort by the plaintiff, a pedestrian on a public way, to recover compensation

for personal injuries caused by being struck by an automobile. It is not argued that the operator of the automobile could not have been found to be the servant of the defendant, acting within the scope of his employment. The only point argued by the defendant is that the plaintiff was, on the aspect of the evidence most favorable to her, as matter of law, guilty of contributory negligence and hence cannot recover. There was evidence tending to show that the plaintiff at about seven o'clock in the evening of a November day started to cross Boylston Street, in Brookline, in which are two sets of car tracks, at a point fifty to seventy-five feet east of Cypress Street. Before stepping off the sidewalk she looked up and down the street and saw an automobile on Boylston Street in the direction of Cypress Street coming toward her which looked to be farther away from her than the tracks in Cypress Street. When the plaintiff reached the first set of car rails, she looked to her right and saw an automobile in the vicinity of Cypress Street at such a distance from her that " she had time to pass." She did not know whether the automobile was standing or moving but she saw its headlights lighted. The automobile was on its right hand side of Boylston Street and was about fifty-five or sixty feet away. It was raining and the plaintiff had an umbrella over her head, held high so that it did not obstruct her view. She last saw the automobile when she was on the outbound rails on Boylston Street, that is, on the first car track she had to pass on crossing the street and she did not see, hear or know anything more about it until she was struck. She was about three or four feet from the southerly sidewalk of Boylston Street toward which she was headed, when she was struck. There were no other automobiles or traffic in the street. There was no evidence that the horn of the automobile was sounded.

It could not have been ruled as matter of law, in view of this testimony, that the plaintiff was wanting in due care or was guilty of contributory negligence. The case is governed by numerous decisions. *Gauthier* v. *Quick, ante,* 258. *Kaminski* v. *Fournier,* 235 Mass. 51. *Lunderkin* v. *Boston Elevated Railway,* 211 Mass. 144. *Reynolds* v. *Murphy,* 241

Mass. 225. *Dube* v. *Keogh* ,*Storage Co.* 236 Mass. 488. *Gerhart* v. *Holyoke Street Railway*, 236 Mass. 392. *Scannell* v. *Boston Elevated Railway*, 176 Mass. 170.

The judge of the Municipal Court found for the plaintiff. That finding on this record was not tainted by any error of law. The action of the Appellate Division in ordering judgment for the defendant was not warranted. Judgment is to be entered in favor of the plaintiff on the finding of the single judge of the Municipal Court. *Loanes* v. *Gast*, 216 Mass. 197.

*So ordered.*