Kathryn Jacobs, Appellee, v. Illinois Terminal Company, Appellant.

Opinion filed September 12, 1931.

TERRY, GUELTIG & POWELL, for appellant.

ROSCOE FORTH and J. B. HARRIS, for appellee.

482

Mr. Presiding Justice Barry delivered the opinion of the court.

Appellee recovered a verdict and judgment for $1,500 for personal injuries received when an automobile in which she was riding as a guest collided with a street car of appellant. At the request of appellant two special interrogatories were submitted to the jury and were answered as follows: "Do you find that the plaintiff, Kathryn Jacobs, was in the exercise of due care and caution for her own safety at the time of the collision in question? A.—Yes." "Do you find that the collision and the resulting injury to plaintiff was caused by reason of the speed at which the automobile was driven, and not by reason of any negligence on the part of plaintiff or the defendant? A.—No."

No motion was made by appellant to set aside the special findings and no question as to them was raised in the motion for a new trial. In the state of the record appellant is conclusively bound by the special findings of fact. *Brant v. Chicago & Alton R. Co.,* 294 Ill. 606. That being true, appellant is in no position to insist that appellee was not in the exercise of reasonable care for her own safety immediately before and at the time of the collision. The only reasonable inference to be drawn from the answer to the second interrogatory is that appellant was guilty of negligence which caused the injury. There was evidence, however, fairly tending to prove that as the driver of the automobile approached the crossing the motorman on the street car signaled her to come ahead. It was a question of fact for the jury to determine whether such a signal was given. If it was given and the motorman started across the intersection and did not give the driver of the automobile sufficient time to clear the street car tracks the jury could very well say that appellant was guilty of negligence. *Kalmowitz v. New York City Interborough R. Co.,* 162 N. Y. S. 606;

*Cuddy v. Boston Elevated R.*, 208 Mass. 134, 94 N. E. 251.

We have carefully considered the court's rulings on the admission and exclusion of evidence and the giving and refusing of instructions. We find no reversible error in any of those rulings. The instruction given on behalf of appellee as to the question of damages may be a little too broad but the jury was instructed that they should allow only such damages as were proven by the evidence. The evidence as to what appellee paid her physician and the hospital and her loss of wages on account of the injury was admitted without objection and appellant is in no position to complain in that regard.

While we do not approve of the remarks made by counsel for appellee in the argument of the case, yet objections were sustained to the most objectionable and we do not feel that we would be warranted in reversing the judgment because of the remarks of counsel. In view of the injuries sustained by appellee we cannot say that the verdict is excessive. Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*