THOMAS J. O'TOOLE *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    March 6, 1912. — May 21, 1912.

Present: RUGG, C. J., BRALEY, SHELDON, & DECOURCY, JJ.

*Negligence,* In use of highway.

</div>

If a man, before starting to cross an unobstructed street fifty feet wide on which are parallel tracks of a street railway, looks in both directions and sees a car three hundred feet distant approaching upon the farther track, and, having formed the opinion that it is safe to cross, proceeds to do so upon a cross walk, walking at a rate of less than three miles an hour without paying further attention to the approaching car, and is struck by the car and injured, he is not negligent as matter of law.

TORT for personal injuries from being run into by an electric street car of the defendant at about six o'clock P. M. on January 2, 1907, while the plaintiff was crossing Broadway, in that part of Boston called South Boston, by a cross walk at the corner of F Street.   Writ dated March 2, 1907.

In the Superior Court the case was tried before *Dana*, J., who

at the close of the plaintiff's evidence ordered a verdict for the defendant and reported the case for determination by this court. If the ordering of the verdict was right, judgment was to be entered for the defendant; if wrong, there was to be a new trial.

*A. T. Smith*, for the plaintiff.

*M. J. Sughrue*, for the defendant.

SHELDON, J.   Taking as we must that view of the evidence which is most favorable to the plaintiff, it could be found that before starting to cross the street he looked in each direction and saw the car that afterwards struck him coming toward him upon the farther track.   The car was then about three hundred feet distant from the cross walk by which he undertook to cross the street.   He formed the opinion that he had sufficient time to pass, and attempted to do so, walking not very rapidly, at less than three miles an hour, without paying further attention to the car.   The street was unobstructed.   He was struck by the car and injured.

Upon these facts the question of his due care was for the jury to determine.   It was not manifestly careless for him to presume that a car three hundred feet away, from which he was in plain sight, would not run so rapidly as to hit him in crossing a street about fifty feet wide, as was indicated by the plan in evidence.   The case comes within the rule of *Lunderkin* v. *Boston Elevated Railway, ante*, 144; *Mullen* v. *Boston Elevated Railway*, 209 Mass. 79; *Albee* v. *Boston Elevated Railway*, 209 Mass. 6; *Hunt* v. *Old Colony Street Railway*, 206 Mass. 11; and *Jeddrey* v. *Boston & Northern Street Railway*, 198 Mass. 232.   The circumstances differ from those which appeared in the decisions relied on by the defendant.   In *Holian* v. *Boston Elevated Railway*, 194 Mass. 74, the car which hit the plaintiff was very much nearer to her when she started to cross the street, and she stepped in front of the car.   In *Hall* v. *West End Street Railway*, 168 Mass. 461, the plaintiff, who was very deaf, looked neither to the right nor the left and did not see the car that struck him, although it was in plain sight for a distance of three or four hundred feet.

There was evidence of negligence of the defendant's motorman, which might have caused the injury.   Indeed there has been no argument to the contrary.

*New trial ordered.*