ROSE SHEA *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    November 19, 1913. — February 28, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Negligence,* In use of highway, Street railway. *Evidence,* Opinion.

In an action by a woman against a corporation operating a street railway for personal injuries from being knocked down by a car of the defendant when the plaintiff was crossing a street on foot at a cross walk, if it appears that the plaintiff did not look for a car until a long two horse team had passed by her, that when she did look the team might have obstructed her vision and that she did not look again before the car struck her, although these facts have a bearing upon her conduct, they do not necessarily show her to have been negligent and it is for the jury to determine their proper weight and effect.

Although a traveller on foot about to cross a city street at a cross walk is not excused from using his senses of sight and hearing, yet he has a right to assume that a motorman operating a street railway car on a straight track with the crossing in full view will give the usual warning and will slacken the speed of the car for the protection of travellers whom he may see at the crossing or whose presence there is to be expected.

In an action by a woman against a corporation operating a street railway for personal injuries from being knocked down by a car of the defendant as the plaintiff was crossing a street on foot at a cross walk, the plaintiff properly may be allowed to testify that she waited for a long two horse team to go by "sufficiently far to see that there was not any car approaching," because this is not a conclusion of the witness upon an issue of fact solely within the province of the jury, but is simply a description of what the plaintiff observed and a statement of her judgment, formed at the time, that there was an opportunity to use the cross walk without danger.

TORT for personal injuries sustained by the plaintiff at half past six o'clock on the evening of March 9, 1911, when travelling on the cross walk that crosses Cambridge Street in Boston at its intersection with Bowdoin Street, from being knocked down by

a street railway car alleged to have been operated negligently by the defendant's servants. Writ dated March 20, 1911.

In the Superior Court the case was tried before *Sherman, J.,* (retired,) who at the request of the Chief Justice of that court under St. 1911, c. 527, held one of the civil sessions of the court during the month of April, 1913. At the close of the evidence, which is described in the opinion, and again at the close of the charge, the judge refused to rule that on all the evidence the plaintiff was not entitled to recover, and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $2,500. The defendant alleged exceptions, including an exception to the admission of certain evidence which is described sufficiently in the opinion.

*E. P. Saltonstall,* for the defendant.

*L. G. Roberts,* (*L. L. Green* with him,) for the plaintiff.

BRALEY, J. The jury upon conflicting evidence could find, that the plaintiff, a pedestrian, was injured while on the cross walk, and, the defendant not having contended that there was no evidence of its negligence, the questions for decision are whether as matter of law the plaintiff was careless and whether there was error in the admission of evidence. The testimony warranted a finding, that as the plaintiff stood on the sidewalk in the early evening of a hazy or misty night intending to pass over the cross walk, a "long two horse team" came by going in the direction from which the car subsequently came. After the team had passed, and before attempting to cross, she looked to see whether a car was approaching, and seeing none started over, when upon reaching the farther rail the car struck her.

The rights of pedestrians and of a railway company in the concurrent use of the public ways have been too often defined to require repetition. The care required of the plaintiff was the precaution of the ordinarily prudent traveller. It is true she was accustomed to travelling in electric cars, and had observed that at street crossings a bell was rung or gong sounded, and that at the place of the accident cars ran only in one direction. The fact that she did not look for a car until the team had passed, and that when she looked the team may have obstructed her vision, and that she did not look again before the collision, are circumstances bearing upon her conduct, but they are not conclusive. It

was for the jury to determine their proper weight and effect. If a pedestrian about to use a cross walk looks for a car, it is not as matter of law negligence that he does not look again before starting to cross; nor is he necessarily negligent, if upon listening he fails to hear the cars approach, or even if he crosses in front of a car which he sees approaching, where the jury can say the evidence is such that he reasonably could anticipate that he would pass over in safety. *Howland* v. *Union Street Railway,* 150 Mass. 86, 88. *Finnick* v. *Boston & Northern Street Railway,* 190 Mass. 382. *Orth* v. *Boston Elevated Railway,* 188 Mass. 427, 429. *Kinsley* v. *Boston Elevated Railway,* 209 Mass. 467.

The jury could find that the gong was not rung, nor any warning given, although the car was running at high speed over a straight track with the crossing in full view of the motorman. It is settled that, while not excused from using her own senses of sight and hearing, the plaintiff had the right to assume that the motorman would give the usual warning and so would slacken the speed as to protect travellers whose presence at the crossing in the operation of the railway might be expected. *Kerr* v. *Boston Elevated Railway,* 188 Mass. 434, 436. *Murphy* v. *Boston Elevated Railway,* 204 Mass. 229, 232, 233. *Rogers* v. *Phillips,* 206 Mass. 308. *Nelson* v. *Old Colony Street Railway,* 208 Mass. 159. *Mullen* v. *Boston Elevated Railway,* 209 Mass. 79, 80. It is plain, that what was ordinary care under all the conditions disclosed by the record was a question of fact which the presiding judge rightly left to the jury. *Berry* v. *Newton & Boston Street Railway,* 209 Mass. 100, 103.

The statements of the plaintiff when describing her conduct, that she "waited for that team to go by sufficiently far to see that there was not any car approaching," to the admission of which the defendant excepted, was not a conclusion of the witness upon an issue of fact solely within the province of the jury. It was simply a description of what she observed, coupled with her judgment, formed at the time, that because of the opportunity afforded the use of the cross walk appeared to her to be free from danger. *Malcolm* v. *Fuller,* 152 Mass. 160. *Ahearn* v. *Boston Elevated Railway,* 194 Mass. 350, 355. *Robinson* v. *Springfield Street Railway,* 211 Mass. 483, 485.

*Exceptions overruled.*