## DAVID JOHNSTON, administrator, vs. BAY STATE STREET RAILWAY COMPANY.

Bristol.    October 25, 1915. — February 10, 1916.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* Causing death, Street railway. *Survival of Actions. Abatement. Evidence,* Opinion: experts, Of speed, Materiality. *Witness.*

An action by an administrator against a street railway corporation under St. 1906, c. 463, Part I, § 63, as amended by St. 1907, c. 392, § 1, for negligently causing the death of the plaintiff's intestate, an unmarried man whose father was his only next of kin when the action was brought, does not abate upon the death of the father of the intestate, who had under the statute a vested interest in the penalty imposed for culpability in causing the death of his son.

In an action against a street railway corporation for negligently causing the death of the plaintiff's intestate, where the plaintiff has called witnesses, who are not experts, to testify as to the rate of speed at which the car that ran down the intestate was moving, the defendant has no right, as it would have if the witnesses were offered as experts, to make a preliminary examination as to their experience and qualification to estimate in miles the speed of the car before they are permitted to testify.

In such a case the evidence of the unskilled witnesses as to the speed of the car is admissible subject to the defendant's right of cross-examination.

In an action against a street railway corporation for causing the death of the plaintiff's intestate when he was driving a horse attached to a wagon, where there is no evidence tending to show fright or any unusual conduct on the part of the horse immediately before the accident, evidence of the horse's previous habits on other days and at other places is immaterial and, if admitted by the presiding judge *de bene,* he properly may order that it be stricken from the record.

In an action against a street railway corporation for negligently causing the death of the plaintiff's intestate when he was driving a horse attached to a wagon, there was evidence that immediately before the accident the motorman operating the defendant's car was turning his head away from the side on which the plaintiff was approaching a crossing and was "smiling at a lady in the car and had been doing this," that no bell was rung and no signal was given and that the brakes were not applied, that the crossing was one where the view of an approaching traveller was much obstructed, that the car was running at the rate of thirty-five or forty miles an hour before and at the time of the collision, and that after it struck the wagon of the intestate it ran six hundred feet before it stopped. *Held,* that the question of the defendant's negligence was for the jury.

In the same case there also was evidence that the view of the plaintiff's intestate was obstructed by a high bank on the side from which the car came, that he drove his horse no faster than a man's walk, that, when he reached a point where the horse's head was ten or fifteen feet from the nearer rail, he stopped

his horse from one half a minute to a minute, looked both ways and listened, heard no gong, bell or other signal, and then proceeded ahead at a walk toward and upon the track, when his wagon was struck about where he was sitting. *Held,* that the question of the intestate's due care and diligence was for the jury.

PIERCE, J.   This action was brought by David Johnston, administrator of the estate of Lester H. Toal, against the Bay State Street Railway Company, under St. 1906, c. 463, Part I, § 63, as amended by St. 1907, c. 392, § 1, for negligently causing his death.   It was not disputed that the deceased was a single man, nor that at the time of the accident and at the date of his death his father was his only next of kin.   The accident occurred on September 16, 1911, and an administrator was duly appointed thereafter; the administrator brought an action on April 16, 1912, and since the bringing of the action the father has died.

The defendant requested the presiding judge * to rule as follows: "The father of the deceased Lester Toal being the only next of kin at the death of the deceased and said father having died since his son's death, and before the trial, the plaintiff cannot recover on either the third or fourth counts of his declaration."

The Legislature, in providing an additional remedy in cases of death resulting from negligent conduct in Sts. 1881, c. 199, § 1; 1886, c. 140, retained, in the use of the words "damages . . . to be assessed with reference to the degree of culpability," the distinguishing feature of a fine imposed by court after a conviction upon an indictment.   In the emphasis given to the consideration of the wrongful and blameworthy conduct of the defendant there appears a dominating purpose to induce carriers and others to exercise a higher degree of care toward passengers, the travelling public and others, than they might exercise otherwise.   Compensation is a secondary consideration and results only from the provision common to indictment and action that the fine or damage shall be paid to or recovered by the executor or administrator of the deceased to the use of certain designated persons.   *Brown* v. *Thayer,* 212 Mass. 392.   *Boott Mills* v. *Boston & Maine Railroad,* 218 Mass. 582.   If the death of the beneficiary discharges the liability of the wrongdoer the principal object of the Legislature is defeated.

---

\* *O'Connell,* J., who refused to make this ruling.

The difficulty of determining the pecuniary injury to a benefi-
ciary who shall die before judgment is not present in the admin-
istration of our act, as it may be in jurisdictions where remedial
acts of legislation are held to be either an extension of common
law rights or purely compensatory; and the decisions of courts
in construing compensatory legislation modelled upon the so
called "Lord Campbell's act," St. 9 & 10 Vict. c. 93, are of little
weight in the consideration of the question presented in the case
at bar.

We are of opinion that the right to recover the fine when im-
posed by the court, or the damage as determined by a jury, vested
by legislative provision in the named beneficiary living at the
death of the person injured, and that the pending action was not
abated nor the cause of action discharged upon his death. *Com-
monwealth* v. *Boston & Worcester Railroad,* 11 Cush. 512, 517,
518.

The defendant excepted to the refusal of the presiding judge
to allow him to examine several witnesses as to their experience
and qualifications to make an estimate in miles of the speed of
the car before the witnesses testified in relation thereto. Had
the witnesses been offered as experts it would have been proper
practice to permit such examination. But as the testimony was
not offered as the opinion of persons who by reason of education,
of observation or of experience were peculiarly qualified to speak,
the defendant had no right to a preliminary examination; and
the exception in this regard must be overruled.

The witnesses, after stating that the speed of the car had first
attracted their attention, testified subject to the defendant's
exception that at the time of the accident the car was going at
the rate of thirty-five or forty miles an hour. The rate of speed
of any vehicle is determined, in the absence of a speedometer,
by observation of surroundings and conditions which oftentimes
are complicated and nearly always are incapable of reproduction
in adequate description. Were it true that the rate of speed is a
matter exclusively for experts it would be practically impossible
for persons walking or driving upon streets to recover for injuries
predicated upon the act of running vehicles negligently or in
violation of statutory speed laws. The objection, that a proposed
witness is without experience or is not accustomed to the use of

his faculties of observation, goes to the weight of his testimony and not to its admissibility. So far as appears the defendant was not deprived of his right to cross-examination or in any manner restricted in its exercise.

We are of opinion that the testimony was properly admitted and that the exception to its admission must be overruled. *Detroit & Milwaukee Railroad* v. *Van Steinburg,* 17 Mich. 99. *Johnsen* v. *Oakland, San Leandro & Haywards Electric Railway,* 127 Cal. 608. *Miller* v. *Jenness,* 84 Kans. 608. *State* v. *Watson,* 216 Mo. 420. *Stone* v. *Boston & Maine Railroad,* 72 N. H. 206. *Edwards* v. *Worcester,* 172 Mass. 104.

As the testimony disclosed neither fright nor other peculiarity in the conduct of the horse immediately before the accident, evidence of its habits on other days and at other places was immaterial, and the testimony of this character introduced by the defendant and admitted by the judge *de bene* properly was ordered to be stricken from the record.

At the close of the evidence the defendant requested, and the presiding judge refused to make, a ruling that the plaintiff was not entitled to recover on his third count or on his fourth count;* that as to such counts there was no evidence that the plaintiff's intestate was in the exercise of the due care that the statute requires, and that on all the evidence the jury must return. a verdict for the defendant.

Taken in the aspect most favorable to the plaintiff the testimony warranted the jury in finding that the motorman immediately before the collision "was turning his head to the left [the decedent was approaching the car from the right] and smiling at a lady in the car and had been doing this;" and that he "ducked" to save himself just as the collision occurred; that no bell was rung, no signal given or brakes applied; that the crossing was one where the view of the traveller was much obstructed; that the car was running at the rate of forty miles an hour before and at the time of the collision; and that after the collision it ran six hundred feet before it stopped. These facts amply justified the submission of the question of the defendant's negligence to the jury. *Beale* v. *Old Colony Street Railway,* 196 Mass. 119.

---

* The declaration contained four counts and the plaintiff waived the first and second.

On the question of the intestate's due care the testimony warranted findings that his view was obstructed by a high bank on the side from which the car came; that he drove his horse no faster than a man's walk; that when he reached a point where his horse's head was ten or fifteen feet from the nearer rail, he stopped his horse "one half minute to a minute;" that he looked both ways, listened, heard no gong, bell or other signal, and then proceeded "ahead at a walk" toward and upon the track; and that while the horse was walking the car came and "struck the wagon about where the deceased was sitting." The question of the intestate's due care and diligence was rightly submitted to the jury. *Shea* v. *Boston Elevated Railway,* 217 Mass. 163. *McCue* v. *Boston Elevated Railway,* 221 Mass. 432.

We find no reversible error in the charge.

*Exceptions overruled.*

*F. S. Hall,* (*S. P. Hall* with him,) for the defendant.
*H. F. Hathaway,* (*J. E. Warner* with him,) for the plaintiff.