MABEL HEALY, guardian, *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.    January 13, 1920. — February 28, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Negligence,* Contributory, In use of highway.  *Practice, Civil,* Parties.  *Insane
Person.*

A woman about sixty-five years of age in December, 1916, in crossing a street in a
city containing double tracks of a street railway, with which she was familiar,
stopped at the curb and looked both ways to see if a street car was approaching.
At that time a car, apparently on the farther track, was three hundred feet
distant. There were other vehicles going back and forth. The nearer rail
of the first track was eighteen feet, and the nearer rail of the farther track was
twenty-seven feet from the curb. The woman proceeded slowly on a crosswalk
and, when she reached the first rail, she again looked both ways. The car then
was about one hundred and fifty feet distant and was approaching at the rate
of six or seven miles an hour. It was customary to run cars slowly in that
vicinity. The speed of the car then was increased and the woman was run
into on the farther track, the car then going from fifteen to seventeen miles an
hour. It ran one hundred feet beyond the place of the collision before it was
brought to a stop by an air brake. In an action of tort for damages resulting
to the woman from the collision, it was *held,* that upon the foregoing facts the
question, whether she was exercising reasonable care for her safety, was for
the jury.

In an action of tort for personal injuries suffered by a person under guardianship
as an insane person, brought in the name of the guardian, it was *said* that the
action should have been brought in the name of the insane person by her next
friend, and not in the name of the guardian; but, no objection having been
raised by the defendant, this court treated the action as duly brought in the
name of the insane person by her guardian.

TORT for personal injuries received by Annie Middleton on
December 1, 1916, when she was run into by an electric street car
of the defendant on Chelsea Street in that part of Boston known as
East Boston.  Writ dated January 15, 1917.

On January 11, 1917, Annie Middleton was adjudged insane
and Mabel Healy was appointed her guardian.  The plaintiff is
described in the writ as follows: "Mabel Healy, who brings this
action on behalf of her ward Annie L. Middleton an insane
person."

In the Superior Court the action was tried before *Raymond,* J. The material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in its favor. The motion was denied. There was a verdict for the plaintiff in the sum of $2,000; and the defendant alleged exceptions.

*J. E. Hannigan,* for the defendant.

*T. F. McAnarney,* (*J. A. Lyons* with him,) for the plaintiff.

DE COURCY, J. Annie Middleton, (now under guardianship as an insane person,) referred to hereafter as the plaintiff, was injured by a car of the defendant while she was crossing Chelsea Street, East Boston, between five and six o'clock in the afternoon of December 1, 1916. This action was brought to recover damages for the personal injuries suffered by her; and the trial in the Superior Court resulted in a verdict in her favor. At the argument in this court counsel for the defendant waived all the exceptions taken at the trial, except that to the judge's refusal to grant the motion that a verdict be ordered for the defendant; and he also frankly conceded that there was evidence of negligence on the part of the motorman. The only question now presented is whether there was evidence to warrant the submission to the jury of the issue of the plaintiff's due care.

At the place where the accident occurred the defendant maintains a double set of tracks in Chelsea Street, the southerly, or outbound, track for cars running from Boston to Chelsea and Orient Heights, and the northerly, or inbound, track for cars going to Boston. The street is approximately fifty feet in width. ·From the southerly sidewalk to the nearer rail of the outbound track the distance is about eighteen feet; and to the nearer rail of the inbound track (where the plaintiff was injured) about twenty-seven feet. At the trial there was no witness produced who saw the actual collision. The plaintiff was unable to testify. The motorman was in France. Taking the view of the evidence most favorable to the plaintiff the jury could find the facts to be as follows:

Annie Middleton was about sixty-five years of age and an old resident of East Boston. She was returning home, after her day's work in South Boston, and was obliged to cross Chelsea Street. According to the testimony of the witness Maguire, she stopped at the curbstone on the southerly side of Chelsea Street, and before

stepping on the crosswalk near O'Connell's store she looked both ways. The car, as variously stated, was then "a little past" Shelby Street, or at a crosswalk near the junction of Chelsea and Saratoga streets, or "coming around the curve," and apparently was about three hundred feet from her. There were other vehicles going back and forth. The plaintiff proceeded slowly upon the crosswalk, and when she reached the nearest rail she again looked both ways. The car was then about one hundred and fifty feet distant, and was approaching at a rate of six or seven miles an hour. Although it was customary for cars to run slowly in this vicinity, the speed of this one was increased, and at the time of the accident it was moving from fifteen to seventeen miles an hour; and it ran about one hundred feet beyond the place of the accident before it was brought to a stop by means of the air brake.

In our opinion it was for the jury to decide, as a practical question of fact, whether the plaintiff exercised reasonable care for her safety in attempting to cross the street when she did, and in her conduct after she left the sidewalk. *O'Toole* v. *Boston Elevated Railway*, 211 Mass. 517, and cases cited. *Shea* v. *Boston Elevated Railway*, 217 Mass. 163. This is especially so in view of St. 1914, c. 553, which supplies a presumption of due care in her favor, and places upon the defendant the burden of proving contributory negligence on her part. All the facts surrounding the accident are not in evidence, owing to the disability of the plaintiff and the absence of the motorman. There is no testimony as to the conduct of the plaintiff just before and at the time she was injured. It is peculiarly a case where this remedial statute is applicable. *Mercier* v. *Union Street Railway*, 230 Mass. 397, 403. *Creedon* v. *Galvin*, 226 Mass. 140. *Gagnon* v. *Worcester Consolidated Street Railway*, 231 Mass. 160. *Burns* v. *Oliver Whyte Co. Inc.* 231 Mass. 519.

It is to be noted that the action should have been brought in the name of Annie Middleton, and not in the name of the guardian; but, as no objection was made on that score, we have considered the case as if duly brought in her name by her guardian. *Neafsey* v. *Chincholo*, 225 Mass. 12, 14.

*Exceptions overruled.*