HUBERT SCHERER *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    March 25, 1921. — April 26, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, PIERCE, CARROLL, & JENNEY, JJ.

*Negligence,* Street railway, Contributory negligence.

At the trial of an action against a street railway company for personal injuries, there was evidence warranting the finding of the following facts: During an evening in March, 1918, the plaintiff shortly before midnight had occasion to cross a street in a city. Before leaving the sidewalk he stopped, looked in both directions and saw a street car about one hundred and twenty feet away and then moving about twelve miles an hour. "Thinking that the coast was clear" and that he had plenty of time, he proceeded on the cross walk at a three or four mile pace, and had almost cleared the farther rail of the second track when he looked up and saw that the car was right upon him. He had gone twenty-one feet while the car was going one hundred and twenty feet. He jumped, but did not quite clear the fender, and was thrown so that his right hand went underneath the wheel. The street was well lighted at the place of the accident. No gong was sounded. *Held,* that it could be found that the motorman increased the speed of the car after the plaintiff looked at it, and that the questions, whether the plaintiff was in the exercise of due care and whether the motorman was negligent, were for the jury.

TORT for personal injuries.  Writ dated May 7, 1918.

In the Superior Court, the action was tried before *Fosdick,* J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in its favor. The motion was denied. The jury found for the plaintiff in the sum of $4,000; and the defendant alleged exceptions.

The case was argued at the bar in March, 1921, before *Rugg,* C. J., *Braley, De Courcy, Pierce, & Carroll,* JJ. and afterwards was submitted on briefs to all the Justices.

*J. T. Hughes,* for the defendant.

*R. T. Healey,* (*A. D. Healey* with him,) for the plaintiff.

DE COURCY, J.   On the testimony, mainly that of the plaintiff, the jury could find these facts: During the evening of March 20, 1918, Scherer was in Cambridge, where he had recently attended the Radio School.   Shortly before midnight he had occasion to cross Prospect Street, near Broadway.   Before leaving the sidewalk he stopped, looked in both directions and saw a car about one hundred and twenty feet away, coming from Central Square, and then moving about twelve miles an hour.   "Thinking that the coast was clear" and that he had plenty of time, he proceeded on the cross walk at a three or four mile pace, and had almost cleared the farther rail of the second track when he looked up and saw that the car was right upon him.   He jumped, but did not quite clear the fender, and was thrown so that his right hand went underneath the wheel, and he lost one or more of his fingers.   It was well lighted at the place of the accident.   It could be found that the motorman increased the speed of the car, as, according to the plaintiff's figures, it covered a distance of one hundred and twenty feet while he went but twenty-one feet.   No gong was sounded.   Scherer's opinion was that the car was going twenty-five miles an hour when it struck him, and it did not stop after the accident.

On these facts, quite apart from the application of the due care statute, he was entitled to go to the jury on the questions whether he should have looked toward the car after he left the sidewalk, whether he should have waited for the car to go by, and such other considerations as were involved in the issues of his due care and the motorman's negligence.   The case comes within the rule of *Albee* v. *Boston Elevated Railway,* 209 Mass. 6, *Lunderkin* v. *Boston Elevated Railway,* 211 Mass. 144, *O'Toole* v. *Boston Elevated Railway,* 211 Mass. 517, *Shea* v. *Boston Elevated Railway,* 217 Mass. 163, *Thompson* v. *Boston Elevated Railway,* 227 Mass. 407, and *Healy* v. *Boston Elevated Railway,* 235 Mass. 150.

A majority of the court are of opinion that the exceptions should be overruled; and it is

*So ordered.*