LORETTA F. DOYLE *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.    January 9, 1924. — February 27, 1924.

Present: RUGG, C.J., DECOURCY, CROSBY, PIERCE, & WAIT, JJ.

*Negligence,* Contributory, In use of highway: crossing of tracks of street
railway.   *Evidence,* Presumptions and burden of proof.

In an action against a street railway company by a woman, a traveller upon
a highway, for personal injuries received when she was run into by a
street car of the defendant, the plaintiff's evidence tended to show that
previous to the accident the plaintiff had been standing facing the
highway intending to take a street car approaching from her right
on the opposite side of the street; that in order to do so it was necessary
for her to cross an intervening track, upon which cars ran in the op-
posite direction, and an intersecting street at her immediate left to
reach the place where the car she intended to take would stop; that
she saw the car she intended to take approaching at an ordinary rate
of speed when it was some two hundred yards away and started to
cross the street; that that was the last time she saw or looked for that
car; that in the meantime a car approached from her left and stopped
opposite where she was approaching its track and discharged passengers;
that she walked a few feet out of her way to her left around the rear
of that car and, without lessening her speed, stepped from behind it
on to the track upon which the car which she was intending to take was
approaching, and immediately was struck by its fender, was thrown
down and was injured; " that she thought she had ample time to get
across before the car which she intended to take would be anywheres
near the stopping place opposite." The defendant rested at the
close of the plaintiff's evidence and a verdict was ordered in its favor.
*Held,* that the evidence required a finding that negligence of the plain-
tiff contributed to the injury and that the verdict for the defendant was
properly ordered.

TORT for personal injuries received by the plaintiff when
she was run into by a street car of the defendant as she was
crossing Dorchester Avenue near the intersection of Pearl
Street in that part of Boston known as Dorchester. Writ
dated August 18, 1921.

The plaintiff was originally described in the writ as
Loretta F. Monahan. Upon her subsequent marriage, the
writ was amended to describe the plaintiff by her name after
marriage.

In the Superior Court, the action was tried before *Lummus,* J. Material evidence is described in the opinion. At the close of the evidence of the plaintiff, the defendant rested and moved that a verdict be ordered in its favor. The action was submitted to the jury, who returned a verdict for the plaintiff in the sum of $750. Before the verdict was recorded, the trial judge reserved leave, with the assent of the jury, to enter a verdict for the defendant if, upon the exceptions taken or the questions of law reserved, the Superior Court or the Supreme Judicial Court should decide that such verdict for the defendant should have been entered. Thereafter a verdict for the defendant was entered by order of the trial judge. The plaintiff alleged exceptions.

*A. J. Connell,* for the plaintiff.

*L. Powers,* for the defendant.

WAIT, J. About six o'clock on the windy afternoon of March 14, 1920, the plaintiff, accompanied by one Doyle, who has since become her husband, stood waiting in a doorway on the west side of Dorchester Avenue in Boston a few feet from the south side of Pearl Street, which crosses Dorchester Avenue at right angles. They were intending to take an inbound car of the defendant for Boston. The stopping point for inbound cars was on the opposite side of Dorchester Avenue to the north of Pearl Street, so that to take the car they would have to cross Pearl Street and the westerly half of Dorchester Avenue. The outbound track lay between them and the place for taking the inbound car. The stopping point for outbound cars was to the south of Pearl Street and opposite the doorway in which they stood.

She looked toward Milton, saw an inbound car approaching and when it was some two hundred yards away at Savin Hill Avenue, moving at an ordinary rate of speed, she and Doyle "left the doorway together and started to cross the street toward the stopping place on the opposite side." This was the last time they saw, or looked for, the inbound car before the accident.

An outbound car came up, stopped opposite the doorway they had left and discharged passengers. Without stopping, the plaintiff and Doyle walked a few feet out of their

direct line to their left, around and to the rear of the standing car.  Doyle stepped one step behind to avoid colliding with an alighting passenger, but the plaintiff, without lessening her speed, stepped from behind the standing car on to the inbound track and immediately was struck by the fender of the inbound car, thrown down and injured.  She " thought she had ample time to get across before the car which she intended to take would be anywheres near the stopping place opposite."

There was testimony that the inbound car after it left Savin Hill Avenue increased its speed, passed the standing car at the rate of thirty-two miles an hour without sounding the gong, and carried the plaintiff some seventy-five feet before it stopped.

The defendant offered no testimony and moved that a verdict for defendant be directed, at the close of the plaintiff's case.  The trial judge denied this motion; but, after the return of a verdict for the plaintiff and before it was recorded reserved leave to enter a verdict for the defendant, and later, on motion of defendant, entered a verdict for the defendant.  The plaintiff excepted, and asks that her exceptions be sustained.

On the question of negligence by the plaintiff contributing to the injury, the evidence required a verdict for the defendant.

While it is true that ". . . when a party has the burden of establishing a proposition by oral testimony, a court can seldom rule as a matter of law that the proposition is proved." *Kelsall* v. *New York, New Haven & Hartford Railroad,* 196 Mass. 554, 556; it is none the less true that "Where from the facts which are undisputed or indisputable, or shown by evidence by which the plaintiff is bound, only one rational inference can be drawn and that an inference of contributory negligence or want of due care, then the question of due care or contributory negligence is one of law for the court and a verdict for the defendant should be directed." *Duggan* v. *Bay State Street Railway,* 230 Mass. 370, 379.

The undisputed, indisputable evidence, coming from and binding the plaintiff, brings this case within the rule laid

down where the person injured has stepped from behind one object in a street in front of another, without either looking or listening. The law is established that on such evidence as is here presented the contributory negligence of the plaintiff is proved as matter of law, and it is the duty of the court to direct a verdict for the defendant. *Stackpole* v. *Boston Elevated Railway,* 193 Mass. 562. *Casey* v. *Boston Elevated Railway,* 197 Mass. 440. *Rundgren* v. *Boston & Northern Street Railway,* 201 Mass. 156. *Kennedy* v. *Worcester Consolidated Street Railway,* 210 Mass. 132. *O'Brien* v. *Boston Elevated Railway,* 217 Mass. 130. *Adams* v. *Boston Elevated Railway,* 219 Mass. 515, distinguishing *O'Toole* v. *Boston Elevated Railway,* 211 Mass. 517, *Gibb* v. *Hardwick,* 241 Mass. 546.

We have examined the cases relied upon by the plaintiff: *O'Toole* v. *Boston Elevated Railway, supra, Shea* v. *Boston Elevated Railway,* 217 Mass. 163, *Seabut* v. *Ward Baking Co.* 231 Mass. 339, *Healy* v. *Boston Elevated Railway,* 235 Mass. 150, and *Scherer* v. *Boston Elevated Railway,* 238 Mass. 367; but all are clearly distinguishable.

*Exceptions overruled.*