RITA JEAN *vs.* M. CHARLES NESTER.

ARTHUR JEAN *vs.* SAME.

Bristol.   October 24, 1927.— November 28, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence*, Contributory, Of child, In use of highway, Motor vehicle.

At the trial of an action of tort for personal injuries received when the
plaintiff, a girl seven years and three months of age, was run into by an
automobile driven by the defendant, there was evidence that, when
walking on the sidewalk of a street forty feet wide, the plaintiff started
to cross the street in front of a parked automobile; that when she nearly
had reached the nearest rail of a double street car track, about twelve
feet from the curb, she paused to let an automobile pass from her right;
that thereafter she proceeded diagonally toward her right and had
reached a point between the two sets of double tracks when she was
struck by the automobile driven by the defendant, which came from
behind at her left; that she heard no warning signal after she let the first
automobile go by her; that there was nothing to prevent the plaintiff
from seeing the defendant's automobile if she had looked; that the
street was wet and slippery, and that it was late in an afternoon in
October when the accident happened, and misty at the time, "darking
a little."   A verdict was ordered for the defendant.   *Held*, that

(1) While the plaintiff was required to exercise the degree of care
ordinarily to be expected from a child of her age, the burden was upon
the defendant to show that she did not use this degree of care;

(2) The mere fact, that the plaintiff did not look for the defendant's
automobile, did not require a ruling that she was not in the exercise
of due care: the question of due care was for the jury; distinguishing
*Doyle* v. *Boston Elevated Railway*, 248 Mass. 89.

(3) There was evidence that the defendant was negligent.

TWO ACTIONS OF TORT, the first for personal injuries re-
ceived when the plaintiff was run into by an automobile
driven by the defendant, and the second by the father of
the plaintiff in the first action for consequential damages.
Writs dated January 25, 1922, and March 16, 1923, respec-
tively.

In the Superior Court, the actions were tried together
before *Walsh*, J.   Material evidence is stated in the opinion.
At the close of the plaintiffs' evidence, the defendant rested,

and the judge ordered verdicts for the defendant. The plaintiffs alleged exceptions.

*W. M. Sullivan*, for the plaintiffs.

*H. F. Hathaway*, (*E. A. Hathaway* with him,) for the defendant.

CARROLL, J. These are two actions of tort. One is brought by Rita Jean (hereinafter called the plaintiff) for personal injuries sustained by her when struck by an automobile driven by the defendant as she was crossing South Main Street, Fall River. She was seven years, two or three months old at the time of the accident. The other action is by her father to recover for expenses.

There was evidence that South Main Street runs north and south and is forty feet wide from curb to curb; that from the curb on the east side to the nearest car rail is about twelve feet eight inches; that there are "two sets of double car tracks running in the center of" the street; that an automobile was parked on the east side and the distance beween the westerly side of the automobile and the nearest rail was about five or six feet; that as the plaintiff was walking on the easterly sidewalk, going in a northerly direction, her aunt, who was on the opposite side of the street, called her and she started to run towards her aunt in a northwesterly direction, passing in front of the parked car; that when the plaintiff "got as far almost as to the car track" she stopped and waited for an automobile moving in a southerly direction to pass; that she then started to go in a northwesterly direction and when she arrived at a point "between the two sets of double car tracks running in the center of South Main Street," she was hit by the defendant's automobile going in a northerly direction. The plaintiff testified "she heard no horn after she stopped to let the machine go south and then started to go across again." There was additional testimony from one who heard the brakes applied to the defendant's automobile and "heard some one holler"; "that he didn't hear the defendant blow a horn before he saw the girl struck." The accident happened about five o'clock in the afternoon of October 22 or 23. It was misty at the time, "darking a little." The street was wet and slippery. A

witness testified that the defendant's automobile was moving slowly; that the plaintiff's "face and head was away from the car with which she collided; that at no time from the time she left the easterly sidewalk up to the instant of collision did he see her look toward the car with which she collided; that there was nothing that would have prevented her from seeing it if she had looked." There were no electric cars in the street. The plaintiff testified there was nothing else in the street at the time she crossed except the automobile that was parked right near the sidewalk and the automobile that struck her. At the close of the plaintiff's evidence the defendant moved for a directed verdict. This motion was allowed and the plaintiff excepted.

It has been decided that when an injured person steps from behind one object in the street in front of another object, which injures him, without looking or listening, he is guilty of contributory negligence as matter of law. *Doyle* v. *Boston Elevated Railway*, 248 Mass. 89, 91, 92. The plaintiff ran in front of the parked automobile, but when she came to the nearest car track, which was five or six feet distant from the automobile, she stopped and waited for an automobile to pass. She had already crossed one set of car tracks and was in the center of the street when she was struck. In such circumstances *Doyle* v. *Boston Elevated Railway, supra,* is not controlling.

She stopped in order to allow the automobile to pass. She then continued toward her aunt, with her back toward the defendant's car and without hearing any horn. There was evidence which the jury could believe or disbelieve that she was running when struck. She was required to exercise the degree of care ordinarily to be expected from a child of her age, and the burden was upon the defendant to show that she did not use this degree of care. G. L. c. 231, § 85. Taking all the circumstances into account, including her age, her care was a question of fact for the jury. *Jeddrey* v. *Boston & Northern Street Railway*, 198 Mass. 232, 234, 235. She did not look for the defendant's automobile, and if she looked she could have seen it; but this fact is not conclusive upon the question of her care; and it cannot be said that if

she failed to look, she was so careless as not to recover. This question was for the jury. *Creedon* v. *Galvin*, 226 Mass. 140. *Hicks* v. *H. B. Church Truck Service Co.* 259 Mass. 272. It could have been found that she was at or near the center of the street, between the east and west sets of tracks, when struck. She might infer that at this point the defendant's automobile coming from the south had room to pass her in safety and would not collide with her and would give warning of its approach by sounding its horn. See *Rogers* v. *Phillips*, 206 Mass. 308. Even if it could be said that the evidence that she heard no horn was negative and of no value to show that the horn was not blown, *Gibb* v. *Hardwick*, 241 Mass. 546, the plaintiff's care was for the jury.

The street was straight and witnesses testified that they saw the automobile approaching. It could have been found that the defendant could have seen the plaintiff. Apparently there was sufficient space for the defendant to pass in safety, to the plaintiff's right. There was, therefore, evidence for the jury on the question of the defendant's negligence. *Hicks* v. *H. B. Church Truck Service Co., supra.* In each case the entry must be

*Exceptions sustained.*