PATRICK GOULDING *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.   November 8, 1927. — January 5, 1928.

Present: BRALEY, CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence*, Contributory, Street railway, In use of highway.

At the trial of an action of tort against a street railway company for personal injuries received when the plaintiff was on a bridge under repair containing in the middle double tracks of the defendant and a roadway for vehicles on both sides of the track, it appeared that the plaintiff had gone to the bridge to purchase lumber that was being removed from

the bridge and when injured had been standing for about three minutes talking to a foreman to whom he had been directed; that vehicular and pedestrian traffic was heavy in both directions; that nearby there was a group of workmen, and two motor trucks standing for the purpose of carting away material. There was evidence that frequently during the three minutes that the plaintiff was there he had looked both ways for approaching street cars and had seen none; that he had heard no warning signal from the car that struck him; that when it struck him the car was going at a rate of twenty-five miles per hour and that, after it struck him, it went its length before it stopped; and that the motorman could see the plaintiff when he was three or four car lengths away. *Held,* that

(1) Apart from the application of G. L. c. 231, § 85, there was evidence from which it could have been found that the plaintiff was in the exercise of due care;

(2) Upon the conflicting evidence it could not have been ruled as matter of law that the defendant's burden of proving contributory negligence of the plaintiff was sustained;

(3) There was evidence that the motorman was negligent.

TORT for personal injuries. Writ dated August 4, 1924.

In the Superior Court, the action was tried before *Whiting,* J. Material evidence is stated in the opinion. The jury found for the plaintiff in the sum of $2,800 and in accordance with leave reserved under G. L. c. 231, § 120, the judge entered a verdict for the defendant. The plaintiff alleged exceptions.

*T. F. Quinn,* for the plaintiff.

*R. L. Mapplebeck,* for the defendant.

CROSBY, J. This is an action to recover for personal injuries received by the plaintiff when struck by an electric car of the defendant. The jury returned a verdict for the plaintiff, but before it was recorded the trial judge reserved leave, with the consent of the jury, to enter a verdict for the defendant. Thereafter on motion of the defendant a verdict was entered in its favor.

On the day the plaintiff was injured he was a pedestrian on Harvard Bridge, a public highway connecting Boston with Cambridge, on which there were two lines of street car tracks. At the time of the accident, the surface on both sides of the draw span on the downstream side was torn up and in process of repair. The plaintiff came from Boston to purchase some of the lumber that was being removed from the

bridge, and he was on the Boston side near the middle of the roadway when he was struck by a car of the defendant coming from Cambridge. At that time and place the traffic was heavy; automobiles and pedestrians were 'moving in both directions on the upstream side of the bridge. Near the place of the accident there was a group of workmen, and two auto trucks were standing for the purpose of carting away material. The foregoing facts were not disputed.

There was evidence that the plaintiff was directed to the foreman who had charge of selling the lumber; that he talked with him about purchasing the lumber and the foreman explained the custom relating to selling it. The plaintiff testified that he stood between the inbound and outbound car tracks while talking with the foreman, and was facing him; that he stood there about three minutes before the accident; that he saw no street cars moving in either direction until he was struck; that while he was standing there automobile traffic was moving in both directions on the bridge; that "he looked toward Boston and toward Cambridge during the time he stood there, three or four times, quite a few times, and saw no street car at the times that he looked; that he turned his head around quite a few times prior to the accident; that the last time that he looked toward Cambridge was a short time before the accident, a second or so before the accident, he couldn't say exactly; he turned his head around quite a few times just prior to the accident; he twisted around and the first thing he knew the car struck him . . . that he didn't remember taking any step toward the car." He further testified that he was standing in a position partly facing the Boston end of the bridge, and by turning his head he was able to see toward Cambridge and could see the entire car track from Cambridge to the place where he was standing by turning his head in either direction; that he heard no gong or other signal of the approach of the car, and that it was going at the rate of about twenty-five miles an hour.

There was other evidence that there were many workmen on the bridge close to where the plaintiff was standing; that several auto trucks were there carting away material, and automobile and other traffic was moving in both directions

on the upstream side; that no gong was sounded and no warning given of the approach of the car; that it was going at the rate of twenty miles an hour, and that it went about its length after it struck the plaintiff before coming to a stop. There was evidence introduced by the defendant tending to show that the gong was repeatedly sounded before the accident, that the car was moving at the rate of about four or five miles an hour, and that the plaintiff turned to the left and came in contact with the side of the car.

We are of opinion that, apart from the application of the due care statute, G. L. c. 231, § 85, there was evidence from which it could have been found that the plaintiff was in the exercise of due care. He was in the highway for a proper purpose. It could have been found that he stood at the place where the accident occurred not more than three minutes before he was struck; that he looked in both directions repeatedly while he stood between the tracks, and the last time within a very short time before he was injured. It cannot be said that he was careless as matter of law because he did not see the car as it approached. In view of the presence of auto trucks, automobiles and other traffic, and the presence of many workmen in proximity to where he stood, it could have been found that his view of the car was so obstructed that he could not have seen it in time to avoid the accident. *Johnston* v. *Bay State Street Railway*, 222 Mass. 583, 587. He had the right to rely somewhat on the expectation that a signal would be given by an approaching car, and that the car would not be so negligently operated that he would be injured. *Salisbury* v. *Boston Elevated Railway*, 239 Mass. 430, 433.

Upon the conflicting evidence it could not have been ruled as matter of law that the defendant's burden of proving contributory negligence of the plaintiff was sustained. *Howland* v. *Union Street Railway*, 150 Mass. 86. *Berry* v. *Newton & Boston Street Railway*, 209 Mass. 100, 103. *Shea* v. *Boston Elevated Railway*, 217 Mass. 163. *Healy* v. *Boston Elevated Railway*, 235 Mass. 150. *Scherer* v. *Boston Elevated Railway*, 238 Mass. 367. *Bishop* v. *Pastorelli*, 240 Mass.

104, 107. The cases cited·by the defendant are distinguish-able in their facts from the case at bar.

Upon the question of the negligence of the motorman, it could have been found that, at the time of the accident, the car was being operated at a speed of from twenty to twenty-five miles an hour at a place where there was a great amount of traffic of various kinds and where a large number of men were working in proximity to the tracks. The motor-man testified that he could see the plaintiff when he was three or four car lengths away; and although he testified that he rang the gong, there was other evidence that it was not rung and that no signal of the approach of the car was sounded. Upon this evidence the jury properly could have found that the motorman was negligent. *Kerr* v. *Boston Elevated Railway*, 188 Mass. 434. *Berry* v. *Newton & Boston Street Railway*, *supra*. *Shea* v. *Boston Elevated Railway*, *supra*. *Murphy* v. *Worcester Consolidated Street Railway*, 225 Mass. 264. *Healy* v. *Boston Elevated Railway*, *supra*.

As a verdict could not rightly have been directed for the defendant, the entry must be

> *Exceptions sustained. Original verdict of jury to stand; judgment for plain-tiff on that verdict.*