ELIZA PITTS *vs.* ROBERT S. COULSON.

Norfolk.   December 14, 1928. — December 14, 1928.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence*, Contributory, In use of highway.

At the trial of an action for injuries sustained when the plaintiff, a woman, as she was crossing a public way, was struck by the defendant's automobile, the plaintiff testified that before starting to cross the street she looked both ways and saw two automobiles approaching which were distant about three hundred feet; that then she walked to the first rail of a street railway track and there, looking again, saw that the automobiles were distant about seventy-five feet; that on reaching the second rail she looked again and was struck instantly by the automobile of the defendant; that there was no other traffic of consequence on the street; and that there was ample space on each side of the plaintiff for the automobiles to pass without striking her. There was a verdict for the plaintiff. The defendant alleged exceptions. *Held*, that

(1) Evidence that the plaintiff turned to face the automobile or at the instant of impact was overcome by the sense of danger did not as a matter of law require a finding that she was guilty of contributory negligence, in view of all the evidence.

(2) The question, whether negligence of the plaintiff contributed to cause her injury, was for the jury.

TORT for personal injuries.   Writ dated May 27, 1927.

In the Superior Court, the action was tried before *Morton*, J.   Material evidence is stated in the opinion.   At the close of the evidence, the defendant moved that a verdict be ordered in his favor.   The motion was denied.   There was a verdict for the plaintiff in the sum of $5,200.   The defendant alleged exceptions.

*E. J. Sullivan*, for the defendant.

*J. P. Walsh*, for the plaintiff.

RUGG, C.J.   This is an action of tort to recover compensation for personal injuries alleged to have been received through the negligence of the defendant.   The plaintiff, a pedestrian on a public way, testified that before starting to cross the street she looked both ways and saw two automo-

biles approaching but distant about three hundred feet; that then she walked to the first rail of the street railway track and there, looking again, saw that the automobiles were distant about seventy-five feet; that on reaching the second rail she looked again and was struck instantly by the automobile of the defendant; that there was no other traffic on the street material to the questions here involved; and that there was ample space on each side of the plaintiff for the automobiles to pass without striking her. Whether the plaintiff turned to face the automobile or was at the instant of impact overcome by the sense of danger was not decisive as to the due care of the plaintiff in view of all the evidence. There was evidence which might have warranted a finding of want of due care on the part of the plaintiff, but it was a question of fact and could not have been ruled as matter of law.

The case at bar falls within the class illustrated by *Kaminski* v. *Fournier*, 235 Mass. 51, and *Barrett* v. *Checker Taxi Co.* 263 Mass. 252, and is distinguishable from *Fitzpatrick* v. *Boston Elevated Railway*, 249 Mass. 140. It is not argued that there was not sufficient evidence to warrant a finding of negligence of the defendant.

*Exceptions overruled.*