FREDERICK K. HAYES *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Middlesex.     November 5, 1929. — December 30, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence,* Contributory, In use of way.

At the trial of an action of tort against a street railway company for personal injuries received when the plaintiff was caught between two cars of the defendant going in opposite directions, there was evidence that rules established by the defendant for its employees required that, when one car was passing another slowly moving car, "gong must be rung and car operated at such speed that it can be stopped quickly," and that the plaintiff knew of such rule; that, as the plaintiff was walking toward the front of a standing car on the side where there was a track for cars coming in the opposite direction, the car started up and at that moment he noticed a car coming toward him about twenty to thirty feet away at a speed of fifteen to twenty miles per hour; that no whistle or gong had been sounded on such approaching car; that he had an unobstructed view for two thousand two hundred feet in the direction from which the car approached. The judge refused to order a verdict for the defendant. *Held,* that

(1) While a finding would have been warranted that the plaintiff was negligent in failing to see the approaching car in time to recross its track to safety, it could not rightly have been ruled as a matter of law that the conduct of the plaintiff was a constituent negligent act contributing to the harm which befell him;

(2) It was proper to refuse to order a verdict for the defendant.

TORT for personal injuries. Writ dated April 12, 1926.

In the Superior Court, the action was tried before *F. T. Hammond,* J. Material evidence, rulings made by the judge and exceptions saved by the defendant are described in the opinion. There was a verdict for the plaintiff in the sum of $7,250. The defendant alleged exceptions.

*A. F. Bickford,* for the defendant.

*C. W. Dealtry,* for the plaintiff.

PIERCE, J.  This is an action of tort in which the plaintiff seeks to recover damages for injuries received by him on March 2, 1926, as a result of being rolled and crushed between an outbound car of the defendant and one inbound on Mt. Auburn Street, Watertown, near the corner of Arlington Street.  The jury viewed the scene of the accident.  At the close of the evidence the defendant moved, and the judge refused subject to the defendant's exception, to direct a verdict for the defendant.  The jury found for the plaintiff. At the argument on the bill of exceptions it was conceded by the defendant that the evidence warranted a finding by the jury "that the motorman of the outbound car was negligent."  The due care and contributory negligence of the plaintiff are the only questions now at issue.

The facts pertinent to these issues are as follows:  The defendant maintains two lines of tracks on Mt. Auburn Street which run westerly from Harvard Square, Cambridge, toward Watertown, and Arlington Street crosses Mt. Auburn Street from north to south.  At the time of the accident a white pole stood on the northerly side of Mt. Auburn Street one hundred twenty feet west from the intersection of the northerly curb of Mt. Auburn Street and the westerly curb of Arlington Street.  There was a second white pole on the southwesterly corner of Arlington and Mt. Auburn Streets. The length of each car involved was forty-eight feet over all, and with a trailer it was ninety-seven feet.  The distance from the front of the car to the middle of the trailer door was about seventy-three feet.  The rails were standard four feet eight and one half inches gauge, with a space between of five feet.  The cars overhang twenty-four and one half inches, giving a clearance of eleven inches between cars passing on a straight track and less where there was a curve.  From Arlington Street to Mt. Auburn Bridge in the direction of Harvard Square is two thousand two hundred feet; the street is practically straight and it is possible for one with good eyesight to see from Arlington Street to Mt. Auburn Bridge.  The plaintiff testified that he knew of and relied upon certain rules of the Boston Elevated Railway Company; one of which was that "A car should not pass another

car while it was stopped faster than a walk," and without objection introduced in evidence the following rules of the defendant company: "1. (h) Employment with the Company binds the employee to comply with the rules and regulations, and ignorance thereof, will not be accepted as an excuse for negligence or omission of duty." "96. (a) Passing standing cars. No Street Railway car shall pass, at a rate of speed faster than a walk, another car standing in a parallel track in the same street to receive or deliver passengers." (b) Passing slowly moving cars. When passing slowly moving cars, gong must be rung and car operated at such speed that it can be stopped quickly."

The plaintiff was sixty-three years of age at the time of the accident. On the morning of March 2, 1926, he had come from home and had transferred at Mt. Auburn Bridge to a car going toward Watertown. He rode in the trailer, that is, a car that has one door in the middle. The car stopped on Mt. Auburn Street west of Arlington Street at a white post, just before reaching Templeton Parkway. The plaintiff and one Bryant alighted and waited until the two-car train had passed. They looked in the direction of Harvard Square, were able to see as far as Mt. Auburn Bridge, that is, two thousand two hundred feet, and saw no car approaching. They started in a diagonal direction to cross the outbound track to go toward the opposite corner of Arlington Street. When the trailer of the outbound car had got far enough away to permit a view down the inbound track they saw a car, which was the first of a two-car train, approaching from Watertown Square on the inbound track and going toward Mt. Auburn Bridge and Harvard Square. Bryant ran across the inbound tracks; the plaintiff allowed the inbound train to pass him. The train came to a stop with the forward car about half way past the plaintiff. The plaintiff walked down the strip between the tracks toward the head of the forward car. As he reached the front or vestibule door of the first car, the inbound train started and at that moment he noticed an outbound car, twenty to thirty feet away, coming toward him at a rate of speed of fifteen to twenty miles an hour, which, as he thought, did not give him time to

get back across the track and out of the way. He saw that the motorman of the outbound car had his head turned to the right and over his shoulder and away from the plaintiff. No whistle or gong was sounded. He stood sideways and made himself as small as possible, turned his back to the inbound car and faced the outbound car. The outbound car struck him on the right side of the chest, rolled him around between the cars until he got to the middle of the inbound car, when that car stopped and he fell to the ground.

On the facts shown by the record the jury could well have found that the plaintiff was negligent in failing to see the car as it approached Arlington Street from Mt. Auburn Bridge, in time to recross the outbound track to a place of safety. But it could not have been ruled rightly as matter of law that the conduct of the plaintiff was a constituent negligent act contributing to the harm which befell him, when consideration is given to the fact that the plaintiff was at all times in plain view of the motorman of the outcoming train, and that an observance of the rules of the company, upon which the plaintiff may be assumed to have relied to some extent, would have brought the train to a stop in season to have averted the collision. Disregarding G. L. c. 231, § 85, the judge submitted to the jury rightly the issue of the plaintiff's due care.

*Exceptions overruled.*