## BLANCHE BURRILL *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    January 9, 1930. — January 29, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Negligence,* In use of way: safety zone; Contributory; Street railway.

At the trial of an action of tort against a street railway company for personal injuries received by a woman, there was evidence that the plaintiff, in crossing a wide and busy street in a city, had reached a safety zone which was adjacent to the nearer of two tracks of the defendant near the middle of the street; that she stopped in the safety zone and looked to her left for trolley cars approaching from that direction, but saw none; and that then she looked to her right for about half a minute for traffic approaching from that direction, standing at a place where she thought she was safe, when she was struck and injured by a trolley car of the defendant coming from her left at an estimated speed of twenty-five miles an hour without any gong or other warning of approach being sounded. There also was evidence that by city ordinance no trolley car was allowed near the place in question to attain a speed in excess of ten miles an hour and that a rule of the defendant for guidance of its motormen required that a gong must be sounded on approaching places where persons might be expected to be and at all other places where to do so would avoid an accident. A motion that a verdict be ordered for the defendant was denied. There was a verdict for the plaintiff. *Held,* that

(1) There was evidence sufficient to support a finding of negligence of the defendant's motorman;

(2) It could not rightly have been ruled as matter of law that the plaintiff was guilty of contributory negligence;

(3) Being within a safety zone, the plaintiff might reasonably assume that, although on a busy thoroughfare in the midst of much travel, observation and plans as to her future conduct might be made in comparative security;

(4) The plaintiff also might have relied to some extent on the presumption that the defendant would not run one of its cars at an excessive rate of speed or without giving the customary signals of its approach.

TORT for personal injuries. Writ dated May 13, 1927.

In the Superior Court, the action was tried before *Sisk,* J. Material evidence is described in the opinion. A motion by

the defendant that a verdict be ordered in its favor was denied. There was a verdict for the plaintiff in the sum of $5,000. The defendant alleged exceptions.

*J. E. Hannigan,* for the defendant.

*D. J. Lyne, (D. E. Murphy* with him,) for the plaintiff.

RUGG, C.J.    This is an action of tort to recover compensation for personal injuries alleged to have been sustained by the plaintiff while a pedestrian on a public way, through the negligence of the motorman of a trolley car operated by the defendant. There was testimony tending to show that the plaintiff, intending to cross from the northerly to the southerly side of Broadway, a wide and busy street in Somerville, in the forenoon of a March day, looked for traffic, which was moving in both directions as she left the sidewalk, and, after hurrying between automobiles, reached a safety zone adjacent to the nearer or northerly of the two tracks of the defendant near the middle of the street, which was marked at each end by a post; that she stopped in the safety zone and looked to her left for trolley cars approaching from that direction, but saw none; that then she looked to her right for about half a minute for traffic approaching from that direction, standing at a place where she thought she was safe, when she was struck and injured by a trolley car of the defendant coming from her left at an estimated speed of twenty-five miles an hour without any gong or other warning of approach being sounded. There was other testimony of a different and contradictory nature, but the plaintiff is entitled to have the evidence considered in its aspect most favorable to her. There was evidence that by city ordinance no trolley car was allowed near the place in question to attain a speed in excess of ten miles an hour. There was also in evidence a rule of the defendant for guidance of its motormen to the effect that the gong must be sounded on approaching where persons may be expected to be and at all other places where to do so would avoid an accident.

Manifestly there was evidence sufficient to support a finding of negligence of the defendant's motorman. The contrary has not been argued.

It could not rightly have been ruled as matter of law that the plaintiff was not in the exercise of due care. Being within a safety zone, the plaintiff might reasonably assume that, although on a busy thoroughfare in the midst of much travel, observation and plans as to her future conduct might be made in comparative security. She formed a judgment that she was in a safe place. *Jeddrey* v. *Boston & Northern Street Railway*, 198 Mass. 232, 235. She might also have relied to some extent on the presumption that the defendant would not run one of its cars at an excessive rate of speed or without giving the customary signals of its approach. She had just looked in the direction from which came the car causing her injury and, although the street was visible for a considerable distance, had seen no car approaching. In all these circumstances her due care was a question of fact to be determined by the jury under appropriate instructions. *Magner* v. *Boston Elevated Railway*, 209 Mass. 60. *Kinsley* v. *Boston Elevated Railway*, 209 Mass. 467. *Shea* v. *Boston Elevated Railway*, 217 Mass. 163. *Kerr* v. *Boston Elevated Railway*, 188 Mass. 434. *Pitts* v. *Coulson*, 265 Mass. 366. *Goulding* v. *Boston Elevated Railway*, 262 Mass. 47. *Austin* v. *Eastern Massachusetts Street Railway*, 269 Mass. 420. *Hayes* v. *Boston Elevated Railway*, 269 Mass. 448.

The case at bar is distinguishable from cases like *Neale* v. *Springfield Street Railway*, 189 Mass. 351, and *Hurd* v. *Eastern Massachusetts Street Railway*, 254 Mass. 204, in which the plaintiffs had taken deliberate positions too near the tracks of the street railway in circumstances where injury was inevitable according to common experience. It is also distinguishable from *Mann* v. *Boston Elevated Railway*, 256 Mass. 236, where a plaintiff within a station of the defendant exclusively under its management and control placed himself too near the edge of a platform, a place of danger, whereby he contributed to his injuries. The statement in that opinion that "If he had been a pedestrian on a public way waiting to board a car, it is settled, that he could not recover," was unnecessary to the decision of that case, and cannot be followed in a case like the present.

Without considering G. L. c. 231, § 85, whereby contributory negligence of the plaintiff is made an affirmative defence with the burden of proof resting on the defendant, *O'Connor* v. *Hickey,* 268 Mass. 454, there was no error of law in submitting the case to the jury.

*Exceptions overruled.*